**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BOARD OF TRUSTEES OF THE CITY OF
LAKE WORTH EMPLOYEES' RETIREMENT
SYSTEM, et al.,

                              Plaintiffs,

v.                                     Case No. 3:10-cv-845-J-32MCR

MERRILL LYNCH PIERCE FENNER &
SMITH, INCORPORATED, a Delaware
Corporation,

                              Defendant.

**ORDER**

Plaintiffs, the respective boards of trustees of several governmental defined benefit retirement plans organized under Florida law,[1] have brought this putative class action for breach of fiduciary duty against Defendant Merrill Lynch Pierce Fenner & Smith, Inc. ("Merrill Lynch"). The issue before the Court is whether Plaintiffs' claim is barred by the economic loss rule because it arises out of, or is intertwined with, a series of contracts between Plaintiffs and Merrill Lynch.[2] Merrill Lynch has moved to dismiss on these grounds (Doc. 9),[3] and Plaintiffs have filed a response in opposition (Doc. 16). The Court heard argument on

---

[1] Plaintiffs are authorized by Fla. Stat. § 112.66(6) to bring this action on behalf of the retirement plans for which they act as administrators (the "Retirement Plans").

[2] As Plaintiffs have disclaimed reliance on the parties' contracts as a basis for recovery, the Complaint does not contain an alternative claim for breach of contract.

[3] Merrill Lynch initially moved to dismiss and to transfer venue, but subsequently withdrew its motion to transfer (Doc. 17). All parties (and the Court) are now satisfied that venue is proper here.

April 21, 2011, the record of which is incorporated by reference (Doc. 48).

**I.    Background**

The boards of trustees of governmental defined retirement benefit plans in the State of Florida are directed by statute to ensure that those plans are operated in accordance with the Florida Protection of Public Employee Retirement Benefits Act ("Retirement Benefits Act"), Fla. Stat. § 112.60, *et seq.*  Doc. 2 ¶¶ 2, 20, 21.  Pursuant to the Retirement Benefits Act, the plans must "be managed, administered, operated, and funded in such a manner as to maximize the protection of public employee retirement benefits."  Fla. Stat. § 112.61; Doc 2 ¶ 22.  To this end, the boards of trustees are required to hire a "qualified independent consultant" at least once every three years to evaluate the performance of the plan's money managers and make recommendations regarding the selection of money managers.  Fla. Stat. §§ 175.071(6)(a), 185.06(5)(a); Doc. 2 ¶ 24.  A "qualified independent consultant" must "provide his or her services on a flat-fee basis," and not be "associated in any manner with the money manager for the pension fund."  Fla. Stat. §§ 175.071(6)(b), 185.06(5)(b); Doc. 2 ¶ 24.

Merrill Lynch served as the qualified independent consultant to a large number of Florida governmental defined benefit retirement plans during the period from July 2000 until the closing of Merrill Lynch's Florida consulting operations in June 2008.  Doc. 2 ¶ 9.  Plaintiffs, who have sued on behalf of themselves and all other similarly situated boards of trustees or administrators of such plans, allege that Merrill Lynch was hired "based on Merrill Lynch's qualifications and experience; the services Merrill [Lynch] offered to provide; its method of compensation; and its status and reputation as an Independent Consultant."  Id.

¶¶ 2, 30. Plaintiffs allege that Merrill Lynch "sought and created a relationship of trust and confidence with [Plaintiffs] and the Class" through its provision of consulting services, and that Plaintiffs "placed their confidence and trust in Merrill Lynch to counsel and inform them and assist them in operating the plans in compliance with the requirements of the Retirement Benefits Act and Chapters 175 and 185 of the Florida Statutes." Id. ¶ 31. This, alleges Plaintiffs, made Merrill Lynch a fiduciary to Plaintiffs. Id. ¶ 35.

Plaintiffs allege that Merrill Lynch "was required, as a fiduciary to the Retirement Plans and the Class, to perform all services. . . *in the best interest of the Retirement Plans and the Class*, and to avoid all conflicts of interests." Id. (emphasis added). Merrill Lynch allegedly breached this duty by failing to avoid conflicts of interest and by acting in its own interest and for its own benefit during the period it provided consulting services to the Retirement Plans. Id. ¶ 36. Specifically, Plaintiffs allege that Merrill Lynch, *inter alia*, selected, monitored, and evaluated money and transition managers with self-interest, id. ¶¶ 43-63, improperly promoted its own affiliates to provide certain directed brokerage services, id. ¶¶ 64-68, and otherwise used the assets of the retirement plans and the business of acting as a consultant to those plans to increase its own profit without the knowledge of Plaintiffs or the other members of the putative class, id. ¶ 75.

Merrill Lynch contends that Plaintiffs' claim for breach of fiduciary duty is actually a camouflaged breach of contract claim, and therefore that this tort action is barred by the economic loss rule. Doc. 9 at 3. Merrill Lynch argues that "[r]egardless of Plaintiffs' labeling their claim as one for breach of trust, the 'duties' Merrill Lynch allegedly failed to perform

arose from, and are inextricably intertwined with, the obligations outlined in the parties' respective written agreements in force during the alleged Class Period." Id.  Plaintiffs counter that Merrill Lynch's fiduciary duties existed separate and apart from the parties' contracts and that "[t]he mere existence of a contract between the parties does not immunize [Merrill Lynch] or provide a free pass to cavalierly repudiate its fiduciary duties and enrich itself through self dealing at the expense of Plaintiffs and the Class."  Doc. 16 at 2.

**II.   Standard of Review**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in a light most favorable to the plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  "The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations." Rushing v. Wells Fargo Bank, N.A., 752 F.Supp.2d 1254, 1258 (M.D. Fla. 2010)(citing Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir.1986)).

**III.   Discussion**

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are

economic losses." Indemnity Ins. Co. of N. Am. v. American Aviation, Inc., 891 So.2d 532, 536 (Fla. 2004). One of the circumstances in which the economic loss rule applies is "when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising out of the contract." Id. The economic loss rule "is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." Id.

"Where the duties breached do not arise under the contract, however, an action for an independent tort may exist even though the parties are in contractual privity." City of St. Petersburg v. Wachovia Bank, N.A., 2010 WL 2991431 at *2 (M.D. Fla. July 27, 2010). Accordingly, the Florida Supreme Court has found that the economic loss rule does not automatically bar actions for breach of fiduciary duty even when there is an underlying contract between the parties. Moransais v. Heathman, 744 So. 2d 973, 983-84 (Fla. 1999); see also Invo Florida, Inc. v. Somerset Venturer, Inc., 751 So.2d 1263, 1266-67 (Fla. 3d DCA 2000). However, "[w]hile the economic loss rule does not automatically bar a breach of fiduciary duty claim, the rule does apply when the claim for breach of fiduciary duty is based upon and inextricably intertwined with the claim for the breach of contract." Action Nissan v. Hyundai Motor Am., 617 F.Supp.2d 1177, 1192-93 (M.D. Fla. 2008). Merrill Lynch contends that this is such a case, and that each of the duties allegedly violated arise from, and are inextricably intertwined with, the parties' written agreements.

A breach of fiduciary duty claim is independent of an underlying contract if the plaintiff must prove facts "separate and distinct from the breach of contract." Rushing, 752 F.Supp.2d at 1264 (internal quotations omitted). Under Florida law, "[t]he elements of a

claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." Gracey v. Ecker, 837 So.2d 348, 353 (Fla. 2002).  A fiduciary relationship arises where "a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief.  The origin of the confidence is immaterial." Doe v. Evans, 814 So.2d 370, 374 (Fla. 2002).  "[The] fiduciary relationship may be implied by law" consisting primarily "[of] the specific factual situation surrounding the transaction and the relationship of the parties." Id.

Plaintiffs allege that Merrill Lynch's fiduciary duties to Plaintiffs and the putative class derive from Florida tort and statutory law, and also from the position of trust assumed and fostered by Merrill Lynch in undertaking its consulting obligations.  Specifically, Plaintiffs cite to the Retirement Benefits Act and Fla. Stat. §§ 175.01, 185.01 and 175.071(6)(a) as outlining the fiduciary obligations required to properly and legally administer retirement plans in the state of Florida.  Plaintiffs further assert that defendant "sought and created a relationship of trust and confidence" with Plaintiffs, and Plaintiffs placed their trust and confidence in Merrill Lynch "to counsel and inform them and assist them in operating the plans in compliance with the requirements of the Retirement Benefits Act and Chapters 175 and 185 of the Florida Statutes." Doc. 2 ¶ 31.[4]  Plaintiffs contend that Merrill Lynch breached

---

[4]    In addition, a number of the consulting contracts between Plaintiffs and Merrill Lynch contain provisions wherein Merrill Lynch acknowledges a fiduciary responsibility under
(continued....)

this fiduciary duty by failing to act in the best interest of the Retirement Plans -- for example, by retaining unauthorized compensation and improperly directing business to its affiliates -- without Plaintiffs' knowledge.[5]  Plaintiffs do *not* contend that the breach of this duty caused a lesser rate of investment return, or that Merrill Lynch otherwise failed to provide contracted-for services.  In fact, Plaintiffs disclaim any reliance on the parties' contracts, and seek to hold Merrill Lynch liable for self-dealing that allegedly occurred outside the confines of the contracts.  The thrust of their claim is that Merrill Lynch abused its fiduciary relationship with Plaintiffs and the putative class -- which relationship arose under Florida law, not contract -- to benefit itself at the plans' expense.

Accepting all factual allegations in the complaint as true and construing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have alleged facts which are distinct from a breach of contract claim.  Further, Plaintiffs have alleged sufficient facts apart from their contracts with Merrill Lynch to support the assertion that Merrill Lynch owed a

---

(continued from previous page...)
Florida law.  See, e.g., Doc. 3, Ex. B ¶ 4, entitled "Liability of Consultant" (stating that Merrill Lynch, "by execution of this agreement, acknowledges that it is a fiduciary with respect to the Plan within the meaning of Section 112, Part VII, Florida Statutes, as amended."); cf. Rushing, 752 F.Supp.2d at 1263 (finding that the economic loss rule does not apply when parties accept tort remedies in their contract); PNC Bank, N.A. v. Colonial Bank, N.A., 2008 WL 2917639 at *2-3 (M.D. Fla. July 24, 2008)(same).  Despite this, Plaintiffs have disclaimed any reliance on the contracts as a basis of Merrill Lynch's fiduciary duty, taking the position that pursuant to Florida law, "Merrill is a fiduciary whether [the] contract says they are or they aren't" and that because Plaintiffs are not suing on the contract, the contract "really is irrelevant."  Doc. 49 at 34, 35.

[5]  "[A] fiduciary has a fundamental duty to furnish information . . . [that] entails not only a negative duty not to misinform, but also an affirmative duty to inform when . . . that silence might be harmful."  Rushing, 752 F.Supp.2d at 1265 (quoting Glaziers & Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Sec., Inc., 93 F.3d 1171, 1180 (3d Cir. 1996)).

fiduciary duty to Plaintiffs, and that it breached those duties. Thus, the Court finds at this early stage that Plaintiffs' claim is both adequately pled and not barred by the economic loss rule. To the extent that discovery or further case development show the duties allegedly breached by Merrill Lynch are in fact based on or inextricably intertwined with the parties' written agreements, the Court will revisit the issue. See PNC Bank, N.A. v. Colonial Bank, N.A., 2008 WL 4790122, *4 (M.D. Fla. November 3, 2008). Accordingly, it is hereby

**ORDERED**:

Merrill Lynch's Motion to Dismiss (Doc. 9) is **DENIED**. Merrill Lynch shall file and serve an answer to Plaintiffs' Complaint no later than **June 24, 2011.**

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of May, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record

8