UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CITY OF LAKE WORTH EMPLOYEES' RETIREMENT SYSTEM; BOARD OF TRUSTEES OF THE CITY OF LAKE WORTH POLICE OFFICERS' RETIREMENT SYSTEM; BOARD OF TRUSTEES OF THE CITY OF LAKE WORTH FIREFIGHTERS' PENSION TRUST FUND; on behalf of themselves and all others similarly situated, )))))))))) | **Case No.: 3:10-cv-845-J-32MCR** |
| Plaintiffs, )) | |
| v. )) | |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, a Delaware corporation, ))))) | |
| Defendant. )/ | |

## ANSWER TO COMPLAINT

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") hereby submits its Answer to Plaintiffs' Complaint.    Unless expressly admitted in this Answer, Merrill Lynch denies the material allegations of the Complaint and demands strict proof thereof.   Merrill Lynch specifically responds to the individually numbered allegations of the Complaint as follows:

### INTRODUCTION

Merrill Lynch denies the allegations made in the "Introduction" on pages 1 to 2 of the Complaint.

## PARTIES, JURISDICTION AND VENUE ALLEGATIONS

1.      Merrill Lynch admits that Plaintiffs purport to allege in excess of the jurisdictional limits of this Court.   However, Merrill Lynch denies the substantive allegations of all such claims of Plaintiffs in the Complaint and further denies that Plaintiffs are entitled to any damages or equitable relief in this action.

2.      Merrill Lynch admits that Plaintiffs purport to bring this action as a class action.  Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of paragraph 2 of the Complaint and, therefore, such allegations are denied.

3.      Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 3 of the Complaint and, therefore, such allegations are denied.

4.      Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 4 of the Complaint and, therefore, such allegations are denied.

5.      Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 5 of the Complaint and, therefore, such allegations are denied.

6.      Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 6 of the Complaint and, therefore, such allegations are denied.  Merrill Lynch further states that the Board of

Trustees of the City of Pompano Beach General Employees' Retirement System is no longer a party to this action, having been voluntarily dismissed.

7.      Merrill Lynch admits the allegations of paragraph 7 of the Complaint (other than the last sentence of said paragraph). The last sentence of paragraph 7 states a legal conclusion and, therefore, no response is required; however, to the extent a response is required, such allegation is denied.

8.      Merrill Lynch admits only that venue is proper in this Court.  Merrill Lynch denies all other allegations in paragraph 8 of the Complaint.  Merrill Lynch further states that, to the extent any allegations in paragraph 8 allege, attempt to allege, or imply wrongdoing or illegal or improper acts by Merrill Lynch, Merrill Lynch denies them.

## CLASS ACTION ALLEGATIONS

9.      Merrill Lynch denies the allegation of paragraph 9 of the Complaint.

10.     Merrill Lynch admits that it performed investment performance monitoring and consulting services for approximately 100 retirement plans in Florida during the purported Class Period.  Merrill Lynch denies the remaining allegations in paragraph 10 of the Complaint.

11.     Merrill Lynch denies the allegations of paragraph 11 of the Complaint, including all subparts.

12.     Merrill Lynch denies the allegations of paragraph 12 of the Complaint.

13.     Merrill Lynch denies the allegations of the first sentence of paragraph 13 of the Complaint.  Merrill Lynch is without knowledge or information sufficient to form

a belief as to the truth or accuracy of the allegations in the second sentence of paragraph 13 and, therefore, such allegations are denied.

14.     Merrill Lynch denies the allegations of paragraph 14 of the Complaint.

15.     Merrill Lynch denies the allegations of paragraph 15 of the Complaint.

16.     Merrill Lynch denies the allegations of paragraph 16 of the Complaint.

17.     Merrill Lynch denies the allegations of paragraph 17 of the Complaint.

18.     Merrill Lynch denies the allegations of paragraph 18 of the Complaint.

19.     Merrill Lynch denies the allegations of paragraph 19 of the Complaint.

## FLORIDA'S PUBLIC RETIREMENT PLANS ALLEGATIONS

20.     Merrill Lynch admits that Florida has more than 400 municipalities and that many, if not all, are employers of public employees, but is without knowledge whether many sponsor employee pension plans.  Merrill Lynch further states that the statutory provisions cited in paragraph 20 of the Complaint speak for themselves.

21.     Paragraph 21 of the Complaint alleges a duty relating solely to Plaintiffs' legal duties, and as such, Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 21 and, therefore, such allegations are denied.

22.     Merrill Lynch states that the statutory provisions, and legislative history thereof, cited in paragraph 22 of the Complaint speak for themselves.  Merrill Lynch further states that, to the extent any allegations in paragraph 22 purport to interpret statutory provisions or legislative history, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

23.     Merrill Lynch states that the statutory provisions cited in paragraph 23 of the Complaint speak for themselves.  Merrill Lynch further states that, to the extent any allegations in paragraph 23 purport to interpret statutory provisions, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

24.     Merrill Lynch states that the statutory provisions cited in paragraph 24 of the Complaint speak for themselves.  Merrill Lynch further states that, to the extent any allegations in paragraph 24 purport to interpret statutory provisions, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

25.     Merrill Lynch states that the statutory provisions and municipal codes cited or referred to in paragraph 25 of the Complaint speak for themselves.  Merrill Lynch further states that, to the extent any allegations in paragraph 25 purport to interpret statutory provisions or municipal codes, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

## MERRILL LYNCH'S OFFICES IN JACKSONVILLE
## AND PONTE VEDRA, FLORIDA ALLEGATIONS

26.     Merrill Lynch admits that it operated offices in Jacksonville and Ponte Vedra, Florida.  Merrill Lynch denies that the Jacksonville and Ponte Vedra, Florida, offices were each dedicated to solely providing investment consultant services to governmental retirement systems or plans operated under the requirements of the Retirement Benefits Act.

27.     Merrill Lynch admits that it certified that it was professionally qualified as an independent consultant to evaluate the performance of professional money managers. Merrill Lynch further states that the Retirement Benefits Act and Chapters 175 and 185 of the Florida Statutes speak for themselves.  To the extent the remaining allegations in paragraph 27 of the Complaint seek to attribute to the statutory provisions any improper interpretation earlier recited by Plaintiffs, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

## MERRILL LYNCH AS AN INDEPENDENT
## INVESTMENT CONSULTANT ALLEGATIONS

28.     Merrill Lynch admits that, under the applicable laws of Florida, and consistent with the contracts between Merrill Lynch and Plaintiffs, Plaintiffs are authorized to hire a professionally qualified independent consultant who shall evaluate the performance of any existing professional money manager and shall make recommendations to the board of trustees regarding the selection of money managers for the next investment term.  Merrill Lynch denies the remaining allegations of paragraph 28 of the Complaint.

29.     The allegations in paragraph 29 of the Complaint recite matters relating primarily to Plaintiffs and/or Plaintiffs' respective states of mind, and, as such, Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and, therefore, such allegations are denied.  Merrill Lynch further denies the allegations in paragraph 29 insofar as they suggest that Merrill Lynch was retained by Plaintiffs to invest their retirement plan assets.

30.     The allegations in paragraph 30 of the Complaint recite matters relating primarily to Plaintiffs' respective states of mind, and, as such, Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 30 and, therefore, such allegations are denied.

31.     Paragraph 31 of the Complaint states legal conclusions to which no response is required; however, to the extent a response is required, these allegations are denied.  Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs.

32.     Merrill Lynch denies the allegations of paragraph 32 of the Complaint.

### MERRILL LYNCH'S SERVICES ALLEGATIONS

33.     Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs, and, therefore, no response is required.  Merrill Lynch further states that, to the extent the allegations of paragraph 33 of the Complaint seek to interpret those contracts, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

34.     Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs, and, therefore, no response is required.  Merrill Lynch further states that, to the extent the allegations of paragraph 34 of the Complaint seek to interpret those

contracts, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

35.     Paragraph 35 of the Complaint states legal conclusions and, therefore, no response is required; however, to the extent a response is required, such allegations are denied.  Merrill Lynch denies all other allegations in paragraph 35.

36.     Merrill Lynch denies the allegations of paragraph 36 of the Complaint, including the implied allegation that Merrill Lynch violated its duties to Plaintiffs.

## MERRILL LYNCH'S DUTIES TO THE RETIREMENT PLANS ALLEGATIONS

### A.     INVESTMENT POLICY DEVELOPMENT

37.     Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs.  Pursuant to their respective contracts, Plaintiffs contracted to pay Merrill Lynch for the services it provided; Merrill Lynch further states that the statutory provision cited in paragraph 37 of the Complaint speaks for itself.  To the extent the allegations of paragraph 37 seek to interpret contracts and/or statutes, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

38.     Merrill Lynch denies the allegations of paragraph 38 of the Complaint.

39.     Merrill Lynch denies the allegations of paragraph 39 of the Complaint.

### B.     ASSET ALLOCATION GUIDELINES

40.     Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting

services to Plaintiffs; Merrill Lynch further states that the statutory provision cited in paragraph 40 of the Complaint speaks for itself.  To the extent the allegations in paragraph 40 seek to impose additional duties on Merrill Lynch, they are denied. Pursuant to their respective contracts, Plaintiffs contracted to pay Merrill Lynch for the services it provided.  To the extent the allegations of paragraph 40 seek to interpret contracts and/or statutes, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

41.    Merrill Lynch denies the allegations of paragraph 41 of the Complaint.

42.    Merrill Lynch denies the allegations of paragraph 42 of the Complaint.

### C.    MONEY MANAGER SEARCHES

43.    Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs.  Pursuant to their respective contracts, Plaintiffs contracted to pay Merrill Lynch for the services it provided.  To the extent the allegations of paragraph 43 of the Complaint seek to interpret those contracts, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

44.    Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs.  Pursuant to their respective contracts, Plaintiffs contracted to pay Merrill Lynch for the services it provided.  To the extent the allegations in paragraph 44 of the Complaint seek to impose additional duties on Merrill Lynch, they are denied.

45.    Merrill Lynch denies the allegations of paragraph 45 of the Complaint.

46.     Merrill Lynch denies the allegations of paragraph 46 of the Complaint.

47.     Merrill Lynch denies the allegations of paragraph 47 of the Complaint.

D.     ASSOCIATIONS WITH MONEY MANAGERS

48.     The allegation in paragraph 48 of the Complaint is a legal conclusion and, therefore, no response is required; however, to the extent a response is required, such allegation is denied.

49.     Merrill Lynch denies the allegations of paragraph 49 of the Complaint.

50.     Merrill Lynch denies the allegations of paragraph 50 of the Complaint.

51.     Merrill Lynch denies the allegations of paragraph 51 of the Complaint.

52.     Merrill Lynch denies the allegations of paragraph 52 of the Complaint.

E.     MONITORING INVESTMENT MANAGERS

53.     Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs.  Pursuant to their respective contracts, Plaintiffs contracted to pay Merrill Lynch for the services it provided.  To the extent the allegations of paragraph 53 seek to interpret those contracts, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

54.     Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs.  Pursuant to their respective contracts, Plaintiffs contracted to pay Merrill Lynch for the services it provided.  To the extent the allegations in paragraph 54 seek to impose additional duties on Merrill Lynch, they are denied.

55.     Merrill Lynch denies the allegations of paragraph 55 of the Complaint.

56.     Merrill Lynch denies the allegations of paragraph 56 of the Complaint.

57.     Merrill Lynch denies the allegations of paragraph 57 of the Complaint.

58.     Merrill Lynch denies the allegations of paragraph 58 of the Complaint.

F.     EVALUATION OF TRANSITION MANAGERS

59.     Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs.  To the extent the allegations of paragraph 59 of the Complaint seek to interpret those contracts, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

60.     Merrill Lynch denies the allegations of paragraph 60 of the Complaint.

61.     Merrill Lynch denies the allegations of paragraph 61 of the Complaint.

62.     Merrill Lynch denies the allegations of paragraph 62 of the Complaint.

63.     Merrill Lynch denies the allegations of paragraph 63 of the Complaint.

G.     DIRECTED BROKERAGE SERVICES

64.     Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs.  To the extent the allegations of paragraph 64 of the Complaint seek to interpret those contracts, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

65.     Merrill Lynch denies the allegations of paragraph 65 of the Complaint.

66.     Merrill Lynch denies the allegations of paragraph 66 of the Complaint.

67.     Merrill Lynch denies the allegations of paragraph 67 of the Complaint.

68.     Merrill Lynch denies the allegations of paragraph 68 of the Complaint.

## MERRILL LYNCH'S RETREAT ALLEGATIONS

69.     Merrill Lynch admits that it sent letters to Plaintiffs in January 2007, and states that those letters speak for themselves, and therefore no further response is necessary.  To the extent the allegations of paragraph 69 of the Complaint seek to interpret those letters, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

70.     Merrill Lynch states that its letters to Plaintiffs speak for themselves, and therefore no further response is necessary to the allegations of the first sentence of paragraph 70 of the Complaint.  Merrill Lynch denies the remaining allegations in paragraph 70.

71.     Merrill Lynch admits the allegations of paragraph 71 of the Complaint.

72.     Merrill Lynch admits that on January 30, 2009, the Securities and Exchange Commission ("SEC") issued a document entitled Order Instituting Administrative and Cease-and-Desist Proceedings, Pursuant to Sections 203(e) and 203(k) of the Investment Advisers Act of 1940, making findings, and imposing Remedial Sanctions and a Cease-And-Desist Order as to Merrill Lynch (the "SEC Settlement"). The terms of the SEC Settlement are set forth in writing and speak for themselves and also provide, in pertinent part, that entry of such order was expressly made by the SEC without Merrill Lynch "admitting or denying the findings [t]herein ... ."  To the extent the allegations of paragraph 72 of the Complaint seek to interpret the SEC Settlement, or to

allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

73. Merrill Lynch denies the allegations of paragraph 73 of the Complaint.

## BREACH OF FIDUCIARY DUTY ALLEGATIONS

74. Paragraph 74 of the Complaint states a legal conclusion and, therefore, no response is required. Merrill Lynch states that it entered into various written agreements, the terms of which speak for themselves, with Plaintiffs to provide investment consulting services to Plaintiffs. To the extent the allegations of paragraph 74 seek to interpret those contracts, or to allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Merrill Lynch, they are denied.

75. Merrill Lynch denies the allegations of paragraph 75 of the Complaint, including all subparts thereto.

76. Merrill Lynch denies the allegations of paragraph 76 of the Complaint.

77. Merrill Lynch denies the allegations of paragraph 77 of the Complaint.

78. Merrill Lynch denies that Plaintiffs are entitled to seek or obtain any relief, monetary or otherwise, against Merrill Lynch, including without limitation such damages and other types of relief or recovery described in the "WHEREFORE" clause of the Complaint, paragraphs 1 through 6 thereof, or otherwise.

79. Merrill Lynch denies all captions, headings, titles, introductory paragraphs, and allegations in the Complaint not specifically admitted above in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Merrill Lynch states the following affirmative and other defenses, without assuming the burden of proof on such defenses where such burden would otherwise rest on Plaintiffs:

## FIRST DEFENSE

With regard to Plaintiffs' claim, they cannot recover for damages on this claim as a result of Plaintiffs' own negligence and breach of fiduciary duties. Any damages allegedly sustained by the Plans are a result of the contributory fault of the Plaintiff Trustees who failed to fulfill their own fiduciary duties to the Plans by, among other things: failing in their responsibility to evaluate and implement the investment policy governing investment objectives, trading requirements, and asset allocation strategy; failing to fulfill their obligations relating to the hiring and firing of third party investment managers; failing to monitor the performance of the Plan's assets and the third-party investment managers hired by Plaintiffs; failing to understand the compensation system with Merrill Lynch in light of the information made known to and available to Plaintiffs; and failing to investigate and verify the information on which Plaintiffs based the Plans' investment decisions. Thus, any damage allegedly sustained by (or disgorgement amount allegedly due) their Plan was attributable to the contributory fault of Plaintiffs and, as a result, such damage (or disgorgement amount) should be reduced accordingly.

## SECOND DEFENSE

Any liability attributable to Merrill Lynch should be reduced (under *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993)) by the comparative fault of (1) attorneys for the

Plaintiffs, (2) plan administrators, and (3) money managers.  Merrill Lynch reserves the right to amend this affirmative defense to identify other potential *Fabre* defendants upon further investigation and discovery.

## THIRD DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, acquiescence, ratification, and/or laches.  Plaintiffs first entered into the relevant written contracts with Merrill Lynch no later than 1989.  Throughout those contractual relationships, Plaintiffs received periodic account statements and investment reports from Merrill Lynch, their investment managers, and their Plan custodians, among other documents and information from independent advisors.  The facts underlying the allegations of wrongdoing against Merrill Lynch were disclosed in the contracts, discussions during Board meetings, and/or in reports and statements, or otherwise, and without complaint being filed by Plaintiffs until the summer of 2010.  Plaintiffs, by their actions and inactions, have waived the right to pursue a claim and through acts, deeds, and/or omissions, approved, authorized, and/or ratified the acts complained of and, accordingly, are barred from asserting such claims based upon those decisions.

## FOURTH DEFENSE

Plaintiffs' cause of action is barred, in whole or in part by the applicable statue of limitations.   The Complaint was filed on July 16, 2010.  Plaintiffs were on notice of the facts underlying the allegations for which they seek damages or disgorgement more than four years before filing their lawsuit, and there is no discovery rule for the statute of limitations for breach of fiduciary duty in any event.

## FIFTH DEFENSE

Merrill Lynch asserts the economic loss rule as a defense to the claims asserted in the Complaint, because Plaintiffs' allegations supporting their breach of fiduciary duty cause of action are inextricably intertwined with Merrill Lynch's duties under its contracts with Plaintiffs.

## RESERVATION OF DEFENSES

Merrill Lynch reserves the right to assert additional affirmative and other defenses as discovery progresses in this action or as it otherwise may become necessary or appropriate for Merrill Lynch to do so during the course of this litigation.

\* \* \* \* \*

WHEREFORE, Merrill Lynch, Pierce, Fenner & Smith Incorporated respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, and that Merrill Lynch be awarded its costs and attorneys' fees in accordance with the governing contracts containing a fee-shifting clause, and such other and further relief as the Court may deem just and proper.

Dated: June 22, 2011                                Respectfully submitted,

Terry R. Weiss, Esq.                                By:    /s/ D. Porpoise Evans    .
Florida Bar No. 057906                              David A. Coulson, Esq.
(*Admitted Pro Hac Vice*)                           Florida Bar No. 176222
*Counsel for Defendant Merrill Lynch, Pierce,*      D. Porpoise Evans, Esq.
*Fenner & Smith Incorporated*                       Florida Bar No. 576883
**GREENBERG TRAURIG, LLP**                          *Counsel for Defendant Merrill Lynch, Pierce,*
3290 Northside Parkway NW, Suite 400                *Fenner & Smith Incorporated*
Atlanta, Georgia  30327                             **GREENBERG TRAURIG, P.A.**
Telephone:  (678) 553-7328                          333 Avenue of the Americas (333 SE 2nd Avenue)
Facsimile:  (678) 553-7329                          Suite 4400
E-Mail: WeissTR@gtlaw.com                           Miami, Florida 33131
                                                    Telephone: (305) 579-0500
                                                    Facsimile:  (305) 579-0717
                                                    E-Mail: CoulsonD@gtlaw.com
                                                    E-Mail: EvansP@gtlaw.com

Case No.: 3:10-cv-845-J-32MCR

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on this 24th day of June, 2011, I electronically filed the foregoing document with the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record identified on the following Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ D. Porpoise Evans
D. PORPOISE EVANS

## <u>SERVICE LIST</u>

Robert A. Sugarman, Esq.
Ivelisse Berio Lebeau, Esq.
**SUGARMAN & SUSSKIND, P.A.**
100 Miracle Mile, Suite 300
Coral Gables, Florida  33134-5429
Telephone:  (305) 592-2801
Facsimile:  (305) 447-8115
E-Mail: sugarman@sugarmansusskind.com
E-Mail: ivelisse@sugarmansusskind.com
*Co-Counsel for Lead Plaintiffs*

Gerald H. Silk, Esq.
(*Admitted Pro Hac Vice*)
Beata Gocyk-Farber, Esq.
(*Admitted Pro Hac Vice*)
Avi Josefson, Esq.
(*Admitted Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP**
1285 Avenue of the Americas,  38th Floor
New York, New York  10019
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
E-Mail: jerry@blbglaw.com
E-Mail: beata@blbglaw.com
E-Mail: avi@blbglaw.com
*Co-Counsel for Lead Plaintiffs*

Robert D. Klausner, Esq.
Adam Levinson, Esq.
(*Application for General Admission Pending*)
**KLAUSNER & KAUFMAN, P.A.**
10059 NW 1st Court
Plantation, Florida  33324-7006
Telephone:  (954) 916-1202
Facsimile:  (954) 916-1232
E-Mail: bob@robertdklausner.com
E-Mail: adam@robertklausner.com
*Co-Counsel for Lead Plaintiffs*