UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOARD OF TRUSTEES OF THE CITY
OF LAKE WORTH EMPLOYEES'
RETIREMENT SYSTEM, et al.,

    Plaintiffs,

vs.

MERRILL LYNCH PIERCE FENNER &
SMITH, INCORPORATED, a wholly
owned subsidiary of THE BANK OF
AMERICA,

    Defendant.

Case No. 3:10-CV-845-J-32MCR

## DELCARATION OF DAVID MOSS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, David Moss, declare as follows:

1. I am the chairperson the Board of Trustees (the "Board") of the City of Lake Worth Police Retirement System ("the Plan"), which is one of the named plaintiffs in this action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I have served as a member of the Board since August of 2010. I am a Lieutenant with the Palm Beach County Sheriff's Office and I have served in that capacity for approximately three years, since the Lake Worth police department merged with the Palm Beach County Sheriff's Office. Prior to the merger I had served as a police officer in Lake Worth for approximately 18 years.

3. The Plan is a government-sponsored defined benefit retirement plan organized under the laws of the State of Florida. The Board has duly authorized the commencement of this action on behalf of itself and a class consisting of the boards of trustees and/or administrators of similarly situated government-sponsored defined benefit plans (the "Retirement Plans") organized under Florida law, in order to seek relief for the benefit of the Plan and the other Retirement Plans. The Board, and each of the other boards of trustees or administrators which are members of the proposed class, have the authority to bring suit on behalf of their respective Retirement Plans under the authority of F.S.A. §112.66(6).

4. As alleged in the complaint dated July 16, 2010 (which was originally filed in Florida state court prior to the removal of this action to this Court) (the "Complaint"), during the proposed Class Period (as defined in the Complaint) defendant Merrill Lynch Pierce Fenner & Smith ("Merrill") -- through its Florida-based "consulting services" group headed by Michael Callaway (the "Callaway Group") -- purported to serve as an "independent" investment consultant to the Plan, consistent with the requirements of Florida's Protection of Public Employees Retirement Benefits Act (the "Retirement Benefits Act").

5. As further alleged in the Complaint, contrary to Merrill's (including the Callaway Group's) fiduciary obligations to the Plan, including its obligations to act in the best interests of the Plan and to strictly adhere to the provisions of the Retirement Benefits Act, Merrill and its Callaway Group repeatedly and consistently breached those fiduciary obligations duties to the Plan through, *inter alia,* their improper billing of the Plan for services, their receipt of fees and/or commissions from other persons or entities

that were paid to Merrill and/or the Calloway Group in connection with the investment of plan assets without reimbursing them to the Plans, and related practices.

6. The Board is willing and able to serve as a Class Representative in this matter. As chairperson of the Board, I have also personally reviewed with the Board's regular outside counsel the duties of a Class Representative, including the duty to prosecute this case on behalf of the entire Class. As a serving fiduciary of the Plan, I am familiar (albeit as a lay person rather than as an attorney) with fiduciary duty concepts, and I understand that a Class Representative has fiduciary obligations to act in the best interests of all Class members as a whole.

7. Both I (as chairperson) and the full board have been kept informed of the status of this litigation by the Board's regular outside counsel Sugarman & Susskind, P.A. I also note that, in addition to retaining Sugarman & Susskind, P.A. to represent the interests of the Plan and the proposed Class in this matter, the Board has also agreed to the retention of Klausner & Kaufman, P.A and Bernstein Litowitz Berger & Grossmann LLP to represent the interests of the Plan and the proposed Class in this matter. My understanding is that Klausner & Kaufman, P.A. and Sugarman & Susskind, P.A. both have considerable experience in representing Florida retirement plans, and that Bernstein Litowitz has extensive national experience in litigating class and breach of fiduciary actions. Accordingly, I support the appointment of all three firms as co-Class Counsel.

8. I am able and prepared, and I believe that that the other members of the Board are also able and prepared, to continue to work with proposed Class Counsel to stay informed about the issues in the case, and to provide relevant requested documents

and testimony (in addition to documents and deposition testimony that have already been provided to date), as may be appropriate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28TH day of November, 2011.

Lieutenant David Moss,
Chairperson, City of Lake Worth Police
Retirement System