UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CITY OF LAKE WORTH EMPLOYEES' RETIREMENT SYSTEM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, a Delaware corporation, <br><br> Defendant. | Case No.: 3:10-cv-845-J-32MCR |

## DEFENDANT'S NOTICE OF COMPLIANCE WITH 28 U.S.C. § 1715 OF THE CLASS ACTION FAIRNESS ACT

Defendant, Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("Merrill Lynch"), through counsel, hereby gives notice of serving the attached notices of proposed settlement upon: (i) Eric H. Holder, Jr., United States Attorney General; (ii) Richard Humes, Associate General Counsel of the United States Securities and Exchange Commission; (iii) Robert Vandiver, Chief Counsel of the Florida Office of Financial Regulation, Division of Securities; and (iv) Pam Bondi, Attorney General of the State of Florida, within ten (10) days of the filing of the proposed settlement in this action [D.E. 95 and 96], in full compliance with 28 U.S.C. § 1715. *See* Exhibits "A" through "D," respectively. Pursuant to 28 U.S.C. § 1715(d), "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b)."

Case No. 3:10-CV-845-J-32MCR

Dated: April 2, 2012

Terry R. Weiss, Esq., FL Bar No. 057906
(*Admitted Pro Hac Vice*)
*Counsel for Defendant*
**GREENBERG TRAURIG, LLP**
3290 Northside Parkway NW, Suite 400
Atlanta, Georgia 30327
Telephone: (678) 553-7328
Facsimile: (678) 553-7329
E-Mail: WeissTR@gtlaw.com

Respectfully submitted,

By: */s/ D. Porpoise Evans*
David A. Coulson, Esq., FL Bar No. 176222
D. Porpoise Evans, Esq., FL Bar No. 576883
*Counsel for Defendant*
**GREENBERG TRAURIG, P.A.**
333 Avenue of the Americas, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
E-Mail: CoulsonD@gtlaw.com
E-Mail: EvansP@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ D. Porpoise Evans*
D. PORPOISE EVANS

Case No. 3:10-CV-845-J-32MCR

## SERVICE LIST

Robert A. Sugarman, Esq.
Florida Bar No. 149388
Ivelisse Berio LeBeau, Esq.
Florida Bar No. 907693
**SUGARMAN & SUSSKIND, P.A.**
100 Miracle Mile, Suite 300
Coral Gables, Florida 33134-5429
Telephone: (305) 592-2801
Facsimile: (305) 447-8115
E-Mail: sugarman@sugarmansusskind.com
E-Mail: ivelisse@sugarmansusskind.com
*Co-Counsel for Lead Plaintiffs*


Robert D. Klausner, Esq.
Florida Bar No. 244082
Adam Levinson, Esq.
Florida Bar No. 055344
**KLAUSNER & KAUFMAN, P.A.**
10059 NW 1st Court
Plantation, Florida 33324-7006
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
E-Mail: bob@robertdklausner.com
E-Mail: adam@robertdklausner.com
*Co-Counsel for Lead Plaintiffs*

Gerald H. Silk, Esq.
(*Admitted Pro Hac Vice*)
William Fredericks
(*Admitted Pro Hac Vice*)
Beata Gocyk-Farber, Esq.
(*Admitted Pro Hac Vice*)
Avi Josefson, Esq.
(*Admitted Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
E-Mail: Jerry@blbglaw.com
E-Mail: Beata@blbglaw.com
E-Mail: Avi@blbglaw.com
*Co-Counsel for Lead Plaintiffs*

EXHIBIT A


# GreenbergTraurig

David A. Coulson
Tel (305) 579-0754
Fax (305) 579-0717
coulsond@gtlaw.com

March 30, 2012

*VIA* **FEDERAL EXPRESS**

U.S. Department of Justice
Eric H. Holder, Jr., U.S. Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Re: <u>Notice Pursuant to Class Action Fairness Act, 28 U.S.C. § 1715</u>

Dear Mr. Holder:

      This law firm represents Merrill Lynch Pierce Fenner & Smith, Incorporated ("Merrill Lynch") in the putative class action lawsuit styled *The Board of Trustees of the City of Lake Worth Employees' Retirement System, et al. v. Merrill Lynch Pierce Fenner & Smith, Incorporated*, Case No. 3:10-CV-845-J-32MCR, pending in the U.S. District Court for the Middle District of Florida following removal from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (the "Action").

      Pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1711-1715 ("CAFA"), defendants in putative class action lawsuits are required to inform "appropriate Federal officials" and/or "appropriate State officials" of any proposed settlement, including the disclosures listed in § 1715(b)(1) through (8).

      Please be advised that a proposed settlement was filed in the Action on Friday, March 23, 2012, less than ten (10) days prior to the date hereof.

      In accordance with § 1715(b)(1), enclosed as Exhibit "A" please find a true and correct copy of the Complaint filed against Merrill Lynch in the Action.

      In accordance with § 1715(b)(2), please be advised that there are presently no judicial hearings scheduled in the Action. It is anticipated that hearings will be set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider preliminary and final approval of the parties' proposed settlement.

      In accordance with § 1715(b)(4), enclosed as Exhibit "B" please find a copy of the parties' proposed settlement agreement, titled "Stipulation and Agreement of Settlement" (the "Settlement Agreement"). In accordance with § 1715(b)(3)(a)(i) and (b), proposed notifications to class members, including notification of the members' rights to request

Mr. Eric H. Holder, Jr.
March 30, 2012
Page 2 of 3

exclusion from the class action and notification of a proposed settlement of a class action, are found at Exhibits A-1 and A-3 to the Settlement Agreement.

In accordance with § 1715(b)(5), enclosed as Exhibit "C" is a Memorandum of Understanding executed on behalf of the parties by their respective counsel. Additionally, as explained in paragraph 31 of the Settlement Agreement, Merrill Lynch retains the option to terminate the Settlement Agreement in the event that class members validly requesting exclusion meet the conditions set forth in a Confidential Supplemental Agreement. The parties have agreed that the Confidential Supplemental Agreement "shall not be filed with the Court and its terms shall not be disclosed in any other matter . . . unless and until the Court requires the Parties to file the Supplemental Agreement or to otherwise disclose its terms, or a dispute arises between Plaintiffs and Defendant concerning its interpretation or application." *See* Settlement Agreement, ¶ 31. Other than the Memorandum of Understanding, Settlement Agreement and Confidential Supplemental Agreement, please be advised that there are no other settlement or other agreements contemporaneously made between class counsel and counsel for Merrill Lynch.

In accordance with § 1715(b)(6), enclosed as Exhibit "D" is an order dismissing without prejudice the claims of one of the original co-Plaintiffs, The Board of Trustees of the City of Pompano Beach General Employees Retirement System. Please be advised that no other notices of dismissal and no final judgments have been entered in the Action.

In accordance with § 1715(b)(7), please be advised that all of the putative class members are Florida public employee retirement benefit plans. A complete listing of the putative class members is found at Schedule 2 to the Settlement Agreement.

In accordance with § 1715(b)(8), please be advised that there are presently no written judicial opinions relating to the materials described in § 1715(b)(3) through (6).

Please be advised that pursuant to § 1715(d), an order giving final approval of the Settlement Agreement in the Action may not be issued earlier than ninety (90) days after the date of the delivery of this notice.

If you have any questions or concerns, or require any additional information, please do not hesitate to contact me.

Best regards,

*[signature]*

David A. Coulson

Enclosures (Exhibits "A" through "D")

Mr. Eric H. Holder, Jr.
March 30, 2012
Page 3 of 3

cc: Robert A. Sugarman, Esq., Sugarman & Susskind, P.A., Co-Counsel for Plaintiffs, 100 Miracle Mile, Suite 300, Coral Gables, Florida 33134

Gerald H. Silk, Esq., Bernstein Litowitz Berger & Grossmann LLP, Co-Counsel for Plaintiffs, 1285 Avenue of the Americas, New York, New York 10019

Robert D. Klausner, Esq., Klausner & Kaufman, P.A., Co-Counsel for Plaintiffs, 10059 NW 1st Court, Plantation, Florida 33324

**EXHIBIT B**

# GreenbergTraurig

David A. Coulson
Tel (305) 579-0754
Fax (305) 579-0717
coulsond@gtlaw.com

March 30, 2012

*VIA* FEDERAL EXPRESS

Securities and Exchange Commission
Office of the General Counsel
Attention: Richard Humes, Associate General Counsel
100 F Street, NE
Washington, D.C. 20549

Re:   **Notice Pursuant to Class Action Fairness Act, 28 U.S.C. § 1715**

Dear Mr. Humes:

    This law firm represents Merrill Lynch Pierce Fenner & Smith, Incorporated ("Merrill Lynch") in the putative class action lawsuit styled *The Board of Trustees of the City of Lake Worth Employees' Retirement System, et al. v. Merrill Lynch Pierce Fenner & Smith, Incorporated*, Case No. 3:10-CV-845-J-32MCR, pending in the U.S. District Court for the Middle District of Florida following removal from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (the "Action").

    Pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1711-1715 ("CAFA"), defendants in putative class action lawsuits are required to inform "appropriate Federal officials" and/or "appropriate State officials" of any proposed settlement, including the disclosures listed in § 1715(b)(1) through (8).

    Please be advised that a proposed settlement was filed in the Action on Friday, March 23, 2012, less than ten (10) days prior to the date hereof.

    In accordance with § 1715(b)(1), enclosed as Exhibit "A" please find a true and correct copy of the Complaint filed against Merrill Lynch in the Action.

    In accordance with § 1715(b)(2), please be advised that there are presently no judicial hearings scheduled in the Action. It is anticipated that hearings will be set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider preliminary and final approval of the parties' proposed settlement.

    In accordance with § 1715(b)(4), enclosed as Exhibit "B" please find a copy of the parties' proposed settlement agreement, titled "Stipulation and Agreement of Settlement" (the "Settlement Agreement"). In accordance with § 1715(b)(3)(a)(i) and (b), proposed notifications to class members, including notification of the members' rights to request

Mr. Richard Humes
March 30, 2012
Page 2 of 3

exclusion from the class action and notification of a proposed settlement of a class action, are found at Exhibits A-1 and A-3 to the Settlement Agreement.

In accordance with § 1715(b)(5), enclosed as Exhibit "C" is a Memorandum of Understanding executed on behalf of the parties by their respective counsel. Additionally, as explained in paragraph 31 of the Settlement Agreement, Merrill Lynch retains the option to terminate the Settlement Agreement in the event that class members validly requesting exclusion meet the conditions set forth in a Confidential Supplemental Agreement. The parties have agreed that the Confidential Supplemental Agreement "shall not be filed with the Court and its terms shall not be disclosed in any other matter . . . unless and until the Court requires the Parties to file the Supplemental Agreement or to otherwise disclose its terms, or a dispute arises between Plaintiffs and Defendant concerning its interpretation or application." *See* Settlement Agreement, ¶ 31. Other than the Memorandum of Understanding, Settlement Agreement and Confidential Supplemental Agreement, please be advised that there are no other settlement or other agreements contemporaneously made between class counsel and counsel for Merrill Lynch.

In accordance with § 1715(b)(6), enclosed as Exhibit "D" is an order dismissing without prejudice the claims of one of the original co-Plaintiffs, The Board of Trustees of the City of Pompano Beach General Employees Retirement System. Please be advised that no other notices of dismissal and no final judgments have been entered in the Action.

In accordance with § 1715(b)(7), please be advised that all of the putative class members are Florida public employee retirement benefit plans. A complete listing of the putative class members is found at Schedule 2 to the Settlement Agreement.

In accordance with § 1715(b)(8), please be advised that there are presently no written judicial opinions relating to the materials described in § 1715(b)(3) through (6).

Please be advised that pursuant to § 1715(d), an order giving final approval of the Settlement Agreement in the Action may not be issued earlier than ninety (90) days after the date of the delivery of this notice.

If you have any questions or concerns, or require any additional information, please do not hesitate to contact me.

Best regards,

David A. Coulson

Enclosures (Exhibits "A" through "D")

Mr. Richard Humes
March 30, 2012
Page 3 of 3

cc: Robert A. Sugarman, Esq., Sugarman & Susskind, P.A., Co-Counsel for Plaintiffs, 100 Miracle Mile, Suite 300, Coral Gables, Florida 33134

Gerald H. Silk, Esq., Bernstein Litowitz Berger & Grossmann LLP, Co-Counsel for Plaintiffs, 1285 Avenue of the Americas, New York, New York 10019

Robert D. Klausner, Esq., Klausner & Kaufman, P.A., Co-Counsel for Plaintiffs, 10059 NW 1st Court, Plantation, Florida 33324

EXHIBIT C

# GreenbergTraurig

David A. Coulson
Tel (305) 579-0754
Fax (305) 579-0717
coulsond@gtlaw.com

March 30, 2012

*VIA* **FEDERAL EXPRESS**

Florida Office of Financial Regulation
Division of Securities
Attention: Robert Vandiver, Chief Counsel
200 East Gaines Street
Tallahassee, Florida 32399-0375

Re: **Notice Pursuant to Class Action Fairness Act, 28 U.S.C. § 1715**

Dear Mr. Vandiver:

    This law firm represents Merrill Lynch Pierce Fenner & Smith, Incorporated ("Merrill Lynch") in the putative class action lawsuit styled *The Board of Trustees of the City of Lake Worth Employees' Retirement System, et al. v. Merrill Lynch Pierce Fenner & Smith, Incorporated*, Case No. 3:10-CV-845-J-32MCR, pending in the U.S. District Court for the Middle District of Florida following removal from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (the "Action").

    Pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1711-1715 ("CAFA"), defendants in putative class action lawsuits are required to inform "appropriate Federal officials" and/or "appropriate State officials" of any proposed settlement, including the disclosures listed in § 1715(b)(1) through (8).

    Please be advised that a proposed settlement was filed in the Action on Friday, March 23, 2012, less than ten (10) days prior to the date hereof.

    In accordance with § 1715(b)(1), enclosed as Exhibit "A" please find a true and correct copy of the Complaint filed against Merrill Lynch in the Action.

    In accordance with § 1715(b)(2), please be advised that there are presently no judicial hearings scheduled in the Action. It is anticipated that hearings will be set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider preliminary and final approval of the parties' proposed settlement.

    In accordance with § 1715(b)(4), enclosed as Exhibit "B" please find a copy of the parties' proposed settlement agreement, titled "Stipulation and Agreement of Settlement" (the "Settlement Agreement"). In accordance with § 1715(b)(3)(a)(i) and (b), proposed notifications to class members, including notification of the members' rights to request

Mr. Robert Vandiver
March 30, 2012
Page 2 of 3

exclusion from the class action and notification of a proposed settlement of a class action, are found at Exhibits A-1 and A-3 to the Settlement Agreement.

In accordance with § 1715(b)(5), enclosed as Exhibit "C" is a Memorandum of Understanding executed on behalf of the parties by their respective counsel. Additionally, as explained in paragraph 31 of the Settlement Agreement, Merrill Lynch retains the option to terminate the Settlement Agreement in the event that class members validly requesting exclusion meet the conditions set forth in a Confidential Supplemental Agreement. The parties have agreed that the Confidential Supplemental Agreement "shall not be filed with the Court and its terms shall not be disclosed in any other matter . . . unless and until the Court requires the Parties to file the Supplemental Agreement or to otherwise disclose its terms, or a dispute arises between Plaintiffs and Defendant concerning its interpretation or application." See Settlement Agreement, ¶ 31. Other than the Memorandum of Understanding, Settlement Agreement and Confidential Supplemental Agreement, please be advised that there are no other settlement or other agreements contemporaneously made between class counsel and counsel for Merrill Lynch.

In accordance with § 1715(b)(6), enclosed as Exhibit "D" is an order dismissing without prejudice the claims of one of the original co-Plaintiffs, The Board of Trustees of the City of Pompano Beach General Employees Retirement System. Please be advised that no other notices of dismissal and no final judgments have been entered in the Action.

In accordance with § 1715(b)(7), please be advised that all of the putative class members are Florida public employee retirement benefit plans. A complete listing of the putative class members is found at Schedule 2 to the Settlement Agreement.

In accordance with § 1715(b)(8), please be advised that there are presently no written judicial opinions relating to the materials described in § 1715(b)(3) through (6).

Please be advised that pursuant to § 1715(d), an order giving final approval of the Settlement Agreement in the Action may not be issued earlier than ninety (90) days after the date of the delivery of this notice.

If you have any questions or concerns, or require any additional information, please do not hesitate to contact me.

Best regards,

David A. Coulson

Enclosures (Exhibits "A" through "D")

Mr. Robert Vandiver
March 30, 2012
Page 3 of 3

cc:   Robert A. Sugarman, Esq., Sugarman & Susskind, P.A., Co-Counsel for Plaintiffs, 100 Miracle Mile, Suite 300, Coral Gables, Florida 33134

Gerald H. Silk, Esq., Bernstein Litowitz Berger & Grossmann LLP, Co-Counsel for Plaintiffs, 1285 Avenue of the Americas, New York, New York 10019

Robert D. Klausner, Esq., Klausner & Kaufman, P.A., Co-Counsel for Plaintiffs, 10059 NW 1st Court, Plantation, Florida 33324

EXHIBIT D

# GT GreenbergTraurig

David A. Coulson
Tel (305) 579-0754
Fax (305) 579-0717
coulsond@gtlaw.com

March 30, 2012

*VIA* **FEDERAL EXPRESS**

Florida Office of the Attorney General
Attention: Pam Bondi, Attorney General
State of Florida
The Capital PL-01
Tallahassee, FL 32399-1050

Re: <u>Notice Pursuant to Class Action Fairness Act, 28 U.S.C. § 1715</u>

Dear Ms. Bondi:

    This law firm represents Merrill Lynch Pierce Fenner & Smith, Incorporated ("Merrill Lynch") in the putative class action lawsuit styled *The Board of Trustees of the City of Lake Worth Employees' Retirement System, et al. v. Merrill Lynch Pierce Fenner & Smith, Incorporated*, Case No. 3:10-CV-845-J-32MCR, pending in the U.S. District Court for the Middle District of Florida following removal from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (the "Action").

    Pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1711-1715 ("CAFA"), defendants in putative class action lawsuits are required to inform "appropriate Federal officials" and/or "appropriate State officials" of any proposed settlement, including the disclosures listed in § 1715(b)(1) through (8).

    Please be advised that a proposed settlement was filed in the Action on Friday, March 23, 2012, less than ten (10) days prior to the date hereof.

    In accordance with § 1715(b)(1), enclosed as Exhibit "A" please find a true and correct copy of the Complaint filed against Merrill Lynch in the Action.

    In accordance with § 1715(b)(2), please be advised that there are presently no judicial hearings scheduled in the Action. It is anticipated that hearings will be set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider preliminary and final approval of the parties' proposed settlement.

    In accordance with § 1715(b)(4), enclosed as Exhibit "B" please find a copy of the parties' proposed settlement agreement, titled "Stipulation and Agreement of Settlement" (the "Settlement Agreement"). In accordance with § 1715(b)(3)(a)(i) and (b), proposed notifications to class members, including notification of the members' rights to request

GREENBERG TRAURIG, P.A. • ATTORNEYS AT LAW • WWW.GTLAW.COM
333 Avenue of the Americas • Suite 4400 • Miami, FL 33131-3238 • Tel 305.579.0500 • Fax 305.579.0717

Ms. Pam Bondi
March 30, 2012
Page 2 of 3

exclusion from the class action and notification of a proposed settlement of a class action, are found at Exhibits A-1 and A-3 to the Settlement Agreement.

In accordance with § 1715(b)(5), enclosed as Exhibit "C" is a Memorandum of Understanding executed on behalf of the parties by their respective counsel. Additionally, as explained in paragraph 31 of the Settlement Agreement, Merrill Lynch retains the option to terminate the Settlement Agreement in the event that class members validly requesting exclusion meet the conditions set forth in a Confidential Supplemental Agreement. The parties have agreed that the Confidential Supplemental Agreement "shall not be filed with the Court and its terms shall not be disclosed in any other matter . . . unless and until the Court requires the Parties to file the Supplemental Agreement or to otherwise disclose its terms, or a dispute arises between Plaintiffs and Defendant concerning its interpretation or application." *See* Settlement Agreement, ¶ 31. Other than the Memorandum of Understanding, Settlement Agreement and Confidential Supplemental Agreement, please be advised that there are no other settlement or other agreements contemporaneously made between class counsel and counsel for Merrill Lynch.

In accordance with § 1715(b)(6), enclosed as Exhibit "D" is an order dismissing without prejudice the claims of one of the original co-Plaintiffs, The Board of Trustees of the City of Pompano Beach General Employees Retirement System. Please be advised that no other notices of dismissal and no final judgments have been entered in the Action.

In accordance with § 1715(b)(7), please be advised that all of the putative class members are Florida public employee retirement benefit plans. A complete listing of the putative class members is found at Schedule 2 to the Settlement Agreement.

In accordance with § 1715(b)(8), please be advised that there are presently no written judicial opinions relating to the materials described in § 1715(b)(3) through (6).

Please be advised that pursuant to § 1715(d), an order giving final approval of the Settlement Agreement in the Action may not be issued earlier than ninety (90) days after the date of the delivery of this notice.

If you have any questions or concerns, or require any additional information, please do not hesitate to contact me.

Best regards,

David A. Coulson

Enclosures (Exhibits "A" through "D")

Ms. Pam Bondi
March 30, 2012
Page 3 of 3

cc:     Robert A. Sugarman, Esq., Sugarman & Susskind, P.A., Co-Counsel for Plaintiffs,
        100 Miracle Mile, Suite 300, Coral Gables, Florida 33134

        Gerald H. Silk, Esq., Bernstein Litowitz Berger & Grossmann LLP, Co-Counsel for
        Plaintiffs, 1285 Avenue of the Americas, New York, New York 10019

        Robert D. Klausner, Esq., Klausner & Kaufman, P.A., Co-Counsel for Plaintiffs,
        10059 NW 1st Court, Plantation, Florida 33324