# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BOARD OF TRUSTEES OF THE CITY OF
LAKE WORTH EMPLOYEES' RETIREMENT
SYSTEM, et al.,

                Plaintiffs,

vs.                                           Case No. 3:10-cv-845-J-32MCR

MERRILL LYNCH, PIERCE, FENNER &
SMITH, INCORPORATED,

                Defendant.
_____

## ORDER PRELIMINARILY APPROVING
## PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in this Court entitled Board of Trustees of the City of Lake Worth Employees Retirement System, et al., v. Merrill Lynch, Pierce, Fenner & Smith Incorporated, Case No.: 3:10-cv-845-J-32MCR (M.D. Fla.) (the "Action"); and

WHEREAS, Plaintiffs, the respective Boards of Trustees of the City of Lake Worth Employees' Retirement System ("Lake Worth General Employees"), the City of Lake Worth Police Officers' Retirement System ("Lake Worth Police"), and the City of Lake Worth Firefighters' Pension Trust Fund ("Lake Worth Firefighters") (collectively, the "Plaintiffs Plans"), on behalf of the Plaintiff Plans and the Class (defined below), and Defendant Merrill Lynch Pierce Fenner & Smith Inc. ("Defendant" or "Merrill Lynch," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendant in this Action and to dismiss the class action complaint filed by Plaintiffs on or about July 15, 2010 (the "Complaint") with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated March 23, 2012 (the "Stipulation") subject to approval of this Court (the "Settlement"); and

WHEREAS, Plaintiffs have previously submitted a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and certifying the Class for purposes of the Settlement only; and

WHEREAS, the Court has read and considered Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Class consisting of the Plaintiff Plans and any and all other Florida public employee retirement benefit plans for which Merrill Lynch and Merrill Lynch Financial Advisor Michael Callaway or any other member of the Callaway Team provided Consulting Services during the period from July 1, 2000, through and including June 30, 2008 (the "Class Period"), or any portion thereof (the "Class"). Excluded from the Class are all such Plans that had brought separate arbitration or litigation proceedings against Merrill Lynch or any member of the Callaway Team on or before December 14, 2011, as listed on Schedule 1 to the Stipulation. Also excluded from the Class are any Plans that exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice to be sent to Class Members pursuant to this Order.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Class pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure has been met, namely that: (a) the

members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiff Plans in the Action are typical of the claims of the Class; (d) the Plaintiff Plans and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Class; (e) the questions of law and fact common to the Class predominate over any individual questions; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Plaintiff Plans are adequate class representatives and certifies them as Class Representatives for the Class. The Court also appoints Plaintiffs' Counsel as Class Counsel.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on July 27, 2012 at 10:00 a.m. in Courtroom 10D of the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form annexed as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendant; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion

by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in Paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

7. **Retention of Claims Administrator and Manner of Notice** – Plaintiffs' Counsel are hereby authorized to retain The Garden City Group, Inc. (d/b/a GCG) (the "Claims Administrator") to supervise and administer the notice procedure and the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Plaintiffs' Counsel as follows:

(a) not later than fifteen (15) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively, to be mailed by certified U.S. Mail to each Class Member c/o the Plan's administrator, with a copy to the Plan c/o the Chairperson of the Plan's Board of Trustees. The Notice sent to each Plan that is a putative member of the Class shall be accompanied by a separate cover letter indicating which unique identification number set forth on the Claim Amount Table attached to the Notice corresponds to the Plan to which the cover letter is directed, as further described in paragraph 17 of the Stipulation.

(b) not later than ten (10) business days after the Notice Date (the "Publication Notice Date"), the Claims Administrator shall cause the Summary Notice,

4

substantially in the form annexed hereto as Exhibit 3, to be transmitted once over the internet via *PR Newswire*; and

(c) not later than seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Counsel shall serve on Defendant's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, annexed hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases contained therein) and of their rights to object to the proposed Settlement, Plan of Allocation, and/or any request for attorney's fees and reimbursement of Litigation Expenses; to appear at the Settlement Hearing; or to exclude themselves from the Class; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and transmitted over the internet, respectively.

9. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit the Claim Form approved by this Order in accordance with the instructions contained

therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Plaintiffs' Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim Form, a Plan shall be deemed to have submitted to the jurisdiction of the Court with respect to its Claim and the subject matter of the Settlement.

10. Each Claim Form submitted must satisfy the following conditions: (i) the Claim Form must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) the person(s) executing the Claim Form on behalf of the Plan must submit documentation evidencing that he or she has current authority to act on behalf of the Plan to the satisfaction of Plaintiffs' Counsel or the Claims Administrator; (iii) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury; and (iv) if the Plan wishes to submit a Claim Amount Challenge, the Claim Form must be accompanied by sufficient supporting documentation to establish that the Plan's Adjusted Claim Amount was incorrectly calculated.

11. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be

barred from commencing, maintaining or prosecuting any of the Released Plaintiff Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

12. **Claims Administration** – The Court hereby approves the following procedures for the review of Claims submitted in this matter:

(a) Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Plaintiffs' Counsel, who shall determine in accordance with the Stipulation whether the Claim Form has been validly submitted, subject to review by the Court pursuant to subparagraph (d) below;

(b) Claims Forms that are timely submitted and properly completed and executed, and that do not contain a Claim Amount Challenge, shall be deemed presumptively valid;

(c) Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy the deficiencies in the Claim Form submitted. The Claims Administrator, under supervision of Plaintiffs' Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject, setting forth the reasons therefor, and shall state in such notice that the Claimant whose Claim is to be rejected has the right to a review of this determination by the Court if the Claimant so desires and complies with the requirements of subparagraph (d) below;

(d) If any Claimant whose Claim has been rejected desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice informing the Claimant of such rejection, serve upon the Claims Administrator a notice and

7

statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim (other than a Claim Amount Challenge) cannot be otherwise resolved, Plaintiffs' Counsel shall thereafter present the request for review to the Court; and

(e) The administrative determinations of the Claims Administrator shall be presented to the Court, on notice to Defendant's Counsel, for approval by the Court in the Class Distribution Order.

13. **Claim Amount Challenges** – The Court hereby approves the following procedures for the review of any Claim Amount Challenges submitted in this matter:

(a) The Claims Administrator and Plaintiffs' Counsel shall review any such Claim Amount Challenge to determine if the Plan has submitted sufficient evidence to establish that the Adjusted Claim Amount specified for that Plan is incorrect, subject to review pursuant to subparagraph (c) below;

(b) The Claims Administrator, under supervision of Plaintiffs' Counsel, shall notify, in a timely fashion and in writing, any contesting Plan whether (or to what extent) the Claim Amount Challenge has been accepted. The Notice to be provided to each contesting Plan whose Claim Amount Challenge is rejected or is not accepted in full shall state that the Plan has the right to a review of any such determination by the Mediator (or a substitute arbitrator appointed by the Court) if the Plan so desires and complies with the requirements of subparagraph (c) below; and

(c) If any Plan whose Claim Amount Challenge has been rejected or has not been accepted in full desires to contest this determination, the Plan must, within twenty (20) days after the date of mailing of the notice informing the Plan of the determination, serve upon

the Claims Administrator a notice and statement of reasons indicating the Plan's grounds for contesting the determination along with any supporting documentation, and requesting a review thereof by the Mediator.  If a dispute concerning a Claim Amount Challenge cannot otherwise be resolved, Plaintiffs' Counsel shall submit such dispute to the Mediator (or a substitute arbitrator appointed by the Court) for binding resolution of the matter.  Each Plan shall bear its own costs and legal fees in connection with its Claim Amount Challenge, including one half of any fees charged by the Mediator (or a substitute arbitrator appointed by the Court).

14. No Defendant nor any other Released Defendant Party shall be permitted to review, contest, or object to any Claim or Claim Amount Challenge or any decision of the Claims Administrator, Plaintiffs' Counsel or the Mediator (or any substitute arbitrator appointed by the Court) with respect to any Claims or Claim Amount Challenges submitted in this matter.

15. **Exclusion From the Class** – Any putative member of the Class that wishes to exclude itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  Merrill Lynch Florida Public Pension Plan Consulting Services Litigation, EXCLUSIONS, c/o GCG, P.O. Box 9349, Dublin, OH 43017-4249, as provided in the Notice.  A request for exclusion shall not be effective unless it provides all the required information set forth in the Notice and is received within the time stated above, unless the Court orders otherwise.

16. Any Plan that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, and it and its named fiduciaries in their capacities as such shall not be bound by the terms of the Settlement or

9

any orders or judgments in the Action, and such Plan shall not receive any payment out of the Net Settlement Fund.

17. Any Plan that does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternative Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

18. **<u>Appearance and Objections at Fairness Hearing</u>** – Any Class Member that does not request exclusion from the Class may enter an appearance in the Action, at its own expense, individually or through counsel of its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Plaintiffs' Counsel and Defendant's Counsel as set forth in paragraph 19 below such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member that does not enter an appearance will be represented by Plaintiffs' Counsel.

19. Any member of the Class that does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses

should not be approved; <u>provided</u>, however, that no Class Member (including its named fiduciaries) shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Class Member has filed a written objection with the Court and served copies of such objection in the manner provided in the Notice such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing on both of the following:

| | |
|---|---|
| William C. Fredericks, Esq.<br>Bernstein Litowitz Berger &<br>    Grossmann LLP<br>1285 Avenue of the Americas<br>New York, NY  10019 | David A. Coulson, Esq.<br>Greenberg Traurig, P.A.<br>333 SE 2nd Ave<br>Suite 4400<br>Miami, FL 33131 |

20. Any objections, filings and other submissions by an objecting Class Member must (a) state the full legal name of the Plan and the name, address and telephone number of each authorized representative of the Plan submitting the objection; (b) state the title or position of each authorized representative submitting the objection, and include documentation demonstrating that each such person is authorized to do so on behalf of the Plan and that the signatories submitting the objection are sufficient to act on behalf of and bind the Plan; (c) be signed by the authorized representative(s) of the Plan; and (d) contain a statement of the Plan's objection, as well as the specific reasons for each objection, including the legal and evidentiary support the Plan wishes to bring to the Court's attention.

21. Any member of the Class (including its named fiduciaries) that does not make its objection in the manner provided herein shall be deemed to have waived its right to object to the Settlement, the Plan of Allocation and the motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness,

reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22. **Stay** – Until otherwise ordered by the Court, the Court hereby stays all proceedings in the Action other than such proceedings as may be necessary to carry out or enforce the terms and conditions of the Stipulation. Pending the Settlement Hearing, the Court enjoins Plaintiffs, the Plaintiff Plans and all other Class Members and their respective named fiduciaries from commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all of the Released Plaintiff Claims against any of the Released Defendant Parties.

23. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Class Members as well as in administering the Settlement shall be paid as set forth in the Stipulation without approval of Defendant or further order of the Court.

24. **Settlement Fund** – The contents of the Settlement Fund to be held by Valley National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes** – Plaintiffs' Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform

all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Stipulation does not occur, this Order shall become null and void and be without prejudice to the rights of Plaintiffs, the Class Members (including their respective named fiduciaries) and Defendant, and the Parties shall be deemed to have reverted to their respective positions in this Action immediately prior to December 14, 2011, as provided in the Stipulation.

27. **Use of this Order** – This Order, the proposed Settlement, the Stipulation and any and all of their respective terms (and all negotiations, discussions and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the proposed Settlement; (b) shall not be described as, construed as, interpreted as or offered or received against any Released Defendant Party as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party as to any liability or wrongdoing on his, her or its part or the validity of any claim by Plaintiffs or the merits of any of his, her or its defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against any Released Plaintiff Party as evidence of any infirmity in the claims of any Released Plaintiff Party or that the damages recoverable from Defendant would not have exceeded the Settlement Amount.

28. **Supporting Papers** – Plaintiffs' Counsel shall file and serve papers in support of the proposed Settlement no later than thirty-five (35) calendar days prior to the Settlement

Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

29.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of April, 2012.

                                                                            _____
                                                                            TIMOTHY J. CORRIGAN
                                                                            United States District Judge

jk.
Copies:

counsel of record