**Merrill Lynch Florida Public Pension Plan Consulting Services Litigation**
**c/o GCG**
**Claims Administrator**
**P.O. Box 9349**
**Dublin, OH 43017-4249**
**1-800-231-1815**
*www.mlfloridapensionplansettlement.com*

# CLAIM FORM AND RELEASE

*THIS CLAIM FORM AND RELEASE MUST BE MAILED TO THE ADDRESS ABOVE
AND POSTMARKED NO LATER THAN SEPTEMBER 11, 2012.*

**TABLE OF CONTENTS**                                    **PAGE #**

**PART I – PLAN CONTACT INFORMATION**
**PART II – GENERAL INSTRUCTIONS**
**PART III – ACCEPTED CLAIM AMOUNT**
**PART IV – CLAIM AMOUNT CHALLENGE**
**PART V – ACKNOWLEDGEMENT OF REIMBURSEMENT OBLIGATION,**
      **RELEASE, CERTIFICATION AND SIGNATURE**

## PART I – PLAN CONTACT INFORMATION

Plan Name

[Pre-Printed]

Plan ID Number[1]

[Pre-Printed]

*Plan Name as it should appear on settlement check (if different than Plan Name appearing above):*

*Authorized representative of Your Plan to whom all correspondence regarding this claim should be directed (all information must be provided unless otherwise indicated):*

Last Name

First Name

Address Line 1

Address Line 2 (If Applicable)

City                                State             Zip Code

Telephone Number                    Alternate Telephone Number (*Not required*)

(      )      –                     (      )      –

---

[1] To preserve each Plan's confidentiality, each Plan has been assigned a unique Plan ID Number for this Settlement.

Email Address (*Not required, but if you provide an email address, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.*)

INSERT PLAN TAXPAYER IDENTIFICATION NUMBER HERE (*REQUIRED*):

## PART II – GENERAL INSTRUCTIONS

A. This Claim Form and Release ("Claim Form") must be executed by an authorized representative(s) of Your Plan (*e.g.*, a Trustee(s) or Plan Administrator) that has (have) the authority to bind Your Plan to this Claim Form ("Authorized Plan Representative").

B. It is important that each Authorized Plan Representative that is executing this Claim Form reads and understands the Notice of (I) Pendency and Proposed Settlement of Class Action, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Reimbursement of Expenses ("Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members such are Your Plan are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, each Authorized Plan Representative will be certifying that he or she has read and understands the Notice, including the terms of the releases described therein and provided for herein.

C. TO RECEIVE A DISTRIBUTION IN THE SETTLEMENT, A COMPLETED AND SIGNED CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PREPAID, **POSTMARKED BY SEPTEMBER 11, 2012,** ADDRESSED AS FOLLOWS:

> Merrill Lynch Florida Public Pension Plan Consulting Services Litigation
> c/o GCG
> Claims Administrator
> P.O. Box 9349
> Dublin, OH 43017-4249

If Your Plan fails to file a timely, properly addressed, and completed Claim Form, Your Plan's claim may be rejected and it may be precluded from receiving any proceeds from the Settlement.

D. IF YOUR PLAN FILED A REQUEST FOR EXCLUSION FROM THE CLASS, IT SHOULD NOT SUBMIT A CLAIM FORM. YOUR PLAN MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF IT SUBMITS A VALID AND TIMELY REQUEST FOR EXCLUSION.

E. Your Plan will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT A CLAIM FORM IS SUBMITTED, unless a valid request for exclusion from the Class is received by **July 6, 2012.** As described in the Notice, the Judgment will release and enjoin the filing or continued prosecution of the Released Plaintiff Claims against the Released Defendant Parties.

F. Each Authorized Plan Representative executing this Claim Form on behalf of Your Plan must (a) state on the signature page in Part V below the capacity in which he or she is acting on behalf of Your Plan; and (b) submit written documentation with this Claim Form evidencing his or her current authority to execute this document on behalf of Your Plan.

G. The Amount of Your Plan's "Adjusted Claim Amount" under the Plan of Allocation (which will be used to determine Your Plan's *pro rata* share of the Settlement proceeds) has already been determined based on information obtained from Defendant's records. If Your Plan does not dispute the calculated "Adjusted Claim Amount" figure set forth on the Claim Amount Table (attached as Exhibit 1 to the Notice), please check the box in Part III below. (Note: the "Plan

ID Number" on the Claim Amount Table that corresponds to Your Plan has been pre-printed on the first page of this form).  **IF YOUR PLAN ACCEPTS OR DOES NOT WISH TO DISPUTE ITS PRE-CALCULATED "ADJUSTED CLAIM AMOUNT," THEN YOUR PLAN IS <u>*NOT*</u> REQUIRED TO COLLECT OR SUBMIT <u>*ANY*</u> PAYMENT RECORDS, ACCOUNT STATEMENTS OR SIMILAR EVIDENTIARY MATERIALS WITH THIS CLAIM FORM TO ESTABLISH THE AMOUNT OF ITS CLAIM UNDER THE SETTLEMENT.**  If, however, Your Plan wishes to challenge the calculation of the "Adjusted Claim Amount" figure for Your Plan as set forth on the Claim Amount Table, please check the box in Part IV below and follow the instructions in Part IV for submitting a Claim Amount Challenge.  To submit a valid claim, you must check either the box in Part III or the box in Part IV.  Regardless of which box is checked, if Your Plan submits a signed Claim Form, Your Plan is agreeing to stay in the Class.

## PART III – ACCEPTED CLAIM AMOUNT

If Your Plan does not dispute the calculation of its "Adjusted Claim Amount" as set forth on the Claim Amount Table attached as Exhibit 1 to the Notice, please check this box: ☐

## PART IV – CLAIM AMOUNT CHALLENGE

If Your Plan *does* wish to challenge the calculation of its "Adjusted Claim Amount" as set forth on the Claim Amount Table attached as Exhibit 1 to the Notice, you must follow the procedures set forth below AND also check this box: ☐

<u>Procedures for Filing a Claim Amount Challenge</u>:  If Your Plan wishes to challenge the calculation of its "Adjusted Claim Amount" it must submit a Claim Amount Challenge by following each of the steps below:

    1.    Insert in the boxes below what Your Plan believes the correct "Unadjusted Claim Amount," "12b-1 Refund Amount," and "Adjusted Claim Amount" figures are for Your Plan:

| **Your Revised Unadjusted Claim Amount (if any)** | **Your Revised 12b-1 Refund Amount (if any)** | **Your Revised Adjusted Claim Amount** |
|---|---|---|
| Amount on Claim Amount Table: [Pre-Printed] | Amount on Claim Amount Table: [Pre-Printed] | Amount on Claim Amount Table: [Pre-Printed] |
| Amount Calculated by Your Plan: _____ | Amount Calculated by Your Plan: _____ | Amount Calculated by Your Plan: _____ |

To calculate your Unadjusted Claim Amount, you will need to add up all amounts you claim were paid to Merrill Lynch for or in connection with the provision of Consulting Services rendered Your Plan during the Class Period (the period from July 1, 2000 through June 30, 2008, inclusive).  Items that may be included in your calculation of Your Plan's Revised Unadjusted Claim Amount may include:  cash Your Plan paid to Merrill Lynch for Consulting Services; amounts paid or credited by Your Plan (or on Your Plan's behalf) for the benefit of Merrill Lynch for the provision of "directed brokerage" services by Merrill Lynch to Your Plan, and any amounts that were paid to Merrill Lynch by Your Plan or any mutual fund (or its affiliates) or investment manager (or their affiliates) that Your Plan invested in or with, including 12b-1 fees paid by mutual fund affiliates directly to Merrill Lynch in connection with investments made by Your Plan in mutual funds that charged such fees.  In addition, if you dispute the amount of the 12b-1 Refund Amount that was previously refunded to Your Plan (refunds which were in most cases made in the first half of 2007), please be sure to include the amount of any 12b-1 fee refunds (if any) which you do agree were refunded to you by Merrill Lynch.

    2.    Submit a short statement briefly explaining the factual basis for Your Plan's calculations, together with copies of documents (such as account statements provided to Your Plan by Merrill Lynch, brokerage statements from

Your Plan's investment advisors, mutual fund statements, mutual fund disclosure documents reflecting any periods during which your fund was subject to 12b-1 fees, or supporting affidavits) sufficient to demonstrate that Your Plan's proposed revised figures under Item 1 above reflect the correct or more accurate amount(s) for Your Plan's "Unadjusted Claim Amount," "12b-1 Refund Amount," and/or "Adjusted Claim Amount." DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. CLAIM AMOUNT CHALLENGES SUBMITTED WITHOUT SUPPORTING DOCUMENTATION MAY BE SUMMARILY REJECTED.

3. Submit the documentation referenced in paragraph F of Part II above to establish that you have authority to submit a Claim Amount Challenge on behalf of Your Plan.

The Claims Administrator and Plaintiffs' Counsel will review Your Plan's Claim Amount Challenge and the documentation submitted in support thereof, and will notify Your Plan whether (or to what extent) the Claim Amount Challenge has been accepted. If Your Plan's Claim Amount Challenge is rejected or is not accepted in full and the Claims Administrator, Plaintiffs' Counsel and Your Plan are not able to resolve the Claim Amount Challenge, Your Plan may, if it wishes to pursue the challenge, ask that the dispute be submitted to the Mediator (or a substitute arbitrator appointed by the Court) for binding resolution. If Your Plan chooses to submit its Claim Amount Challenge to the Mediator for binding resolution it must bear its own costs and legal fees in connection with its challenge, including one half of any fees charged by the Mediator. **Note:** By submitting a Claim Amount challenge, each Authorized Plan Representative will be swearing to the genuineness of the documents submitted with this Claim Form in support of the Claim Amount Challenge, subject to penalties of perjury under any applicable state or federal laws. The submission of forged or fraudulent documentation will result in the rejection of Your Plan's claim and may subject you to civil liability or criminal prosecution.

### PART V – ACKNOWLEDGEMENT OF REIMBURSEMENT OBLIGATION, RELEASE, CERTIFICATION AND SIGNATURE

**Acknowledgement of Obligation to Return Settlement Proceeds Under Certain Circumstances:** I (we) hereby acknowledge, on behalf of our Plan, that, pursuant to the terms set forth in the Stipulation, in the event – and *only* in the event – that (A) the Plan (or its named fiduciaries on its behalf) sues any a person or entity other than a Released Defendant Party that provided investment-related or professional or other services to the Plan during the Class Period (including but not limited to money managers) (a "Third Party") based upon any allegations in connection with the claims or allegations that were asserted in this Action (or that arise out of the Consulting Services relationship between the Plan and Merrill Lynch during the Class Period), *then* (B) the Plan must return any distribution it receives from the Net Settlement Fund to Merrill Lynch *if* (and only if) the Plan's assertion of such claim(s) against a Third Party results in a claim being made against Merrill Lynch by such Third Party for contribution or indemnity with respect to such claim(s). Nothing in the foregoing acknowledgement, however, shall apply to any counterclaims asserted by the Plan (or its named fiduciaries in their capacities as such) in connection with any lawsuit initiated by a Third Party.

**Release of Claims**: I (we) hereby acknowledge, on behalf of our Plan, that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, our Plan shall have and be deemed to have released, waived, discharged, and dismissed each and every Released Plaintiff Claim, and shall forever be enjoined from prosecuting any or all Released Plaintiff Claims, against any Released Defendant Party.

**CERTIFICATION:**

By signing and submitting this document, each Authorized Plan Representative certifies, as follows:

1. that I am authorized to execute this document on behalf of the Plan, and have submitted written documentation evidencing my authority to do so;
2. that I have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement;
3. that the Plan **has not** submitted a request for exclusion from the Class;

4. that the Plan submits to the jurisdiction of the Court with respect to its claim and for purposes of enforcing the releases set forth herein;

5. that the Plan agrees to furnish such additional information with respect to this Claim Form as Plaintiffs' Counsel, the Claims Administrator or the Court may require;

6. that the Plan waives the right to trial by jury, to the extent it exists, and agrees to the Court's summary disposition of the determination of the validity of the claim made by this Claim Form;

7. that I acknowledge that the Plan will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

8. that the Plan is NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Plan is exempt from backup withholding or (b) the Plan has not been notified by the IRS that it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Plan that it is no longer subject to backup withholding. **If the IRS has notified the Plan that it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the Plan is not subject to backup withholding in the certification above.**

9. [Applicable only if the Plan is submitting a Claim Amount Challenge] that, subject to penalties of perjury under applicable state and federal laws, the undersigned Authorized Plan Representative further swears or affirms that the documentation submitted in support of any Claim Amount Challenge consist of true and correct copies of legitimate documents in the possession of the Plan, and that any Claim Amount Challenge has not been submitted for any fraudulent purpose.

**SIGNATURE:**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Authorized Plan Representative                                      Date

_____
Print name here

_____
Capacity of Authorized Plan Representative, *e.g.,* Trustee or Plan Administrator

*If more than one Authorized Plan Representative is executing this Claim Form:*

_____
Signature of Authorized Plan Representative                                      Date

_____
Print name here

_____
Capacity of Authorized Plan Representative, *e.g.,* Trustee or Plan Administrator

_____
Signature of Authorized Plan Representative                                                                                               Date

_____
Print name here

_____
Capacity of Authorized Plan Representative, *e.g.,* Trustee or Plan Administrator

THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN SEPTEMBER 11, 2012, AND MUST BE MAILED TO:

> Merrill Lynch Florida Public Pension Plan Consulting Services Litigation
> c/o GCG
> Claims Administrator
> P.O. Box 9349
> Dublin, OH 43017-4249

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by September 11, 2012 and if a postmark is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

**REMINDER CHECKLIST**

1. Please be sure that the above release and certification has been signed by representative(s) who have the authority to bind Your Plan.

2. **Please remember that each Authorized Plan Representative signing this Claim Form MUST submit written documentation evidencing his or her authority to execute this document on behalf of Your Plan.**

3. Please do not highlight any portion of this Claim Form.

4. Keep copies of the completed Claim Form for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim Form is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-800-231-1815.

6. If the address for the Plan contact person identified in Part 1 above changes in the future, please send the Claims Administrator written notification of the new address. If the contact person for the Plan changes in the future, please notify the Claims Administrator of the name, address and telephone number of the new contact person. If the Plan contact person change his or her name, please inform the Claims Administrator.

7. **Remember that to submit a valid claim you DO NOT need to attach copies of ANY documentation in support of Your Plan's pre-calculated Adjusted Claim Amount as set forth on the Claim Amount Table next to Your Plan's ID Number, unless you wish to dispute the calculation of the Adjusted Claim Amount.** However, in the event that you wish to dispute Your Plan's pre-calculated Adjusted Claim Amount, you must follow the procedures and submit copies of the additional documentation set forth in Part IV above. In such event, submit only **copies** of supporting documentation. Original documents cannot be returned to you by the Claims Administrator.

8. If you have any questions or concerns regarding the Claim Form, you may contact the Claims Administrator, GCG, at the above address or by toll-free phone at 1-800-231-1815.