**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BOARD OF TRUSTEES OF THE CITY OF
LAKE WORTH EMPLOYEES' RETIREMENT
SYSTEM, et. al.,

    Plaintiffs,

vs.               Case No. 3:10-cv-845-J-32MCR

MERRILL LYNCH, PIERCE, FENNER &
SMITH, INCORPORATED,

    Defendant.

_____

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND APPROVAL OF PLAN OF ALLOCATION; AND (II) PLAINTIFFS'
COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
<u>REIMBURSEMENT OF EXPENSES</u>**

Plaintiffs (the Boards of Trustees of the City of Lake Worth Employees' Retirement System, the City of Lake Worth Police Officers' Retirement System, and the City of Lake Worth Firefighters' Pension Trust Fund) and the undersigned Plaintiffs' Counsel respectfully submit this supplemental memorandum of law in further support of, respectively (i) Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation; and (ii) Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.[1] Specifically, this memorandum is being submitted to update the Court as to the Class's reaction to the Notice of Settlement, Plan of Allocation and Request for Attorneys' Fees (the "Notice"), now that the July 6, 2012 deadline for objections and exclusion requests has passed.

## I.   PRELIMINARY STATEMENT

Plaintiffs and Plaintiffs' Counsel are pleased to advise the Court that there is ***not a single objection*** to the proposed Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses. Moreover, there have also been ***no requests for exclusion*** submitted in connection with the Settlement.

As set forth in the Affidavit of Jason Zuena Regarding (A) Mailing of the Notice Packet, (B) Transmittal of the Summary Notice, and (C) Report on Requests for Exclusion Received to Date, dated June 21, 2012 (ECF No. 108-1) (the "Zuena Mailing Aff."), the Court-approved Claims Administrator in this matter – The Garden City Group, Inc. ("GCG") – provided notice of the proposed Settlement in accordance with the directions set forth in the Court's Order Preliminarily Approving Proposed Settlement and Providing for Notice, entered April 24, 2012 (ECF No. 103) ("Preliminary Approval Order"). *See* Zuena Mailing Aff. at ¶¶ 2-5. As set forth in the Zuena Mailing Aff., pursuant to the Preliminary Approval Order, on May 15, 2012, GCG

---

[1] Capitalized terms not otherwise defined herein have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated March 23, 2012 (ECF No. 96-1).

mailed each Class Member an individualized Notice Packet (consisting of the long-form Notice, Claim Form, and accompanying Cover Letter), addressed c/o the Plan's Administrator, with an additional copy mailed to each Plan c/o the Chair of that Plan's Board of Trustees. *Id.* at ¶ 4.  In addition, the Summary Notice was transmitted over the *PR Newswire* on May 24, 2012, in accordance with the Preliminary Approval Order. *Id.* at ¶ 5.

The Notice summarized the main terms of the Settlement and also informed the Class Members of their rights to opt out of the Class or to object. *See* Notice, attached as Exhibit A to the Zuena Mailing Aff.  As directed by the Court in the Preliminary Approval Order and stated in the Notice, all Class Members have been advised that (1) any objections to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's request for an award of attorneys' fees and reimbursement of expenses, and (2) any requests for exclusion from the Class, had to be submitted so as to be received by not later than July 6, 2012. *Id.* at 2.  That deadline has now passed – and **_no_** objections to any aspect of the Settlement, the Plan of Allocation or to the request for an award of fees or expenses have been received. *See* Supplemental Declaration of William C. Fredericks in Further Support of (I) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; and (II) Plaintiffs' Counsel's Fee and Expense Reimbursement Application, dated July 20, 2012 ("Supplemental Fredericks Decl."), at ¶ 3. There have also been **_no_** requests for exclusion submitted.  *See* Supplemental Affidavit of Jason Zuena, dated July 20, 2012, ¶ 3, attached as Exhibit 1 to the Supplemental Fredericks Decl.

II. **THE CLASS'S REACTION SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION, AND THE REQUESTED FEE AND EXPENSE AWARD**

For the reasons set forth in their opening papers, Plaintiffs and their counsel respectfully submit that the proposed Settlement and Plan of Allocation, as well as counsel's application for attorneys' fees and reimbursement of expenses, should be approved.  However, now that the time

2

for objecting or requesting exclusion from the Class has passed, it is respectfully submitted that the reaction of the Class also clearly supports approval of both motions. Simply stated, the lack of **_any_** objections or requests for exclusion is a strong indication that the Settlement is in the best interests of the Class, that the proposed Plan of Allocation of the net proceeds of the Settlement is fair, and that Plaintiffs' Counsel's fee and expense reimbursement application is reasonable.

In considering approval of a proposed class action settlement, the reaction of the class is an important factor. *See LiPuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005). "A low percentage of objections will confirm the reasonableness of a settlement and support its approval." *Francisco v. Numismatic Guaranty Corp. of Am.*, No. 06-61677-CIV, 2008 WL 649124, at *12 (S.D. Fla. Jan. 31, 2008); *see also In re Checking Account Overdraft Litig.,* 830 F. Supp. 2d 1330, 1336 (S.D. Fla. 2011) (finding that "extraordinarily low percentage of objections points to the reasonableness of a proposed settlement and supports its approval") (internal quotation and citation omitted). Indeed, courts are particularly inclined to approve a class action settlement where, as here, not a single objection is received. *See Ressler v. Jacobson*, 822 F. Supp. 1551, 1556 (M.D. Fla. 1992) ("that there are no objections to the settlement is excellent evidence of the settlement's fairness and adequacy"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y 2002) (that "not a single objection to the Settlement was received" and that there were only two requests for exclusion from the Class was "strong evidence that the Settlement is fair, reasonable, and adequate.").

Moreover, the absence of objections to the Settlement in this case is particularly notable given that the Class is comprised entirely of sophisticated public employee retirement plans represented by experienced counsel. *See In re M.D.C. Holdings Sec. Litig*, No. CV89–0090 E (M), 1990 WL 454747, at *10 (S.D. Cal. Aug 30, 1990) (finding that lack of objections "is

3

significant since the class includes sophisticated financial institutions ... who have counsel available to advise and represent them and submit objections to either the settlement or the fees and expenses").

With respect to the proposed Plan of Allocation, the Class's lack of any objections similarly supports its approval by the Court. *See In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that courts should "consider the reaction of a class to a plan of allocation," and that where no objections are received "the Plan of Allocation should be approved"); *Maley*, 186 F. Supp. 2d at 367 ("the favorable reaction of the Class supports approval of the proposed Plan of Allocation" where "no Class member has objected to the Plan").

Finally, with respect to Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses – in addition to the grounds already detailed in Plaintiffs' Counsel's opening papers – the absence of ***any*** objections from Class Members also strongly supports approval of counsel's requested fees and expenses. As case law makes clear, the reaction of class members to fee and expense requests "is entitled to great weight by the Court," and the absence of any objection "suggests that [a] fee request is fair and reasonable." *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at *10 (S.D.N.Y Nov. 7, 2007). *See also, e.g., Strube v. Am. Equity Inv. Life Ins. Co.*, No. 6:01-cv-1236-Orl-19DAB, 2006 WL 1232816, at *4 (M.D. Fla. May 5, 2006) (noting that "lack of objections to a proposed fee award is itself important evidence" that fee request is reasonable); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. 1992) (lack of objections is "strong evidence of the propriety and acceptability" of fee request); *In re Friedman's, Inc. Sec. Litig.*, No. 1:03-cv-3475-WSD, 2009 WL 1456698, at *3 (N.D. Ga. May 22, 2009) (where no

4

objections to the fee and expense application are received, the lack of objections is "evidence that the requested fee is fair"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM) (PED), 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (noting the absence of any objections to lead counsel's fee and expense request and finding that this "overwhelmingly positive response . . . attests to the approval of the Class").

Moreover, given the sophisticated nature of the Class Member Plans, the absence of any objections to the fee and expense application in this case has increased significance. *See, e.g., In re Remeron Direct Purchaser Antitrust Litig.*, No. Civ.03-0085 FSH, 2005 WL 3008808, at *13 n. 1 (D.N.J. Nov. 9, 2005) ("When a class is comprised of sophisticated business entities that can be expected to oppose any request for attorney fees they find unreasonable, the lack of objections indicates the appropriateness of the fee request.") (internal quotation and citation omitted).

### III. CONCLUSION

For the reasons set forth herein and for all of the additional reasons set forth in Plaintiffs' and Plaintiffs' Counsel's opening papers, it is respectfully requested that the Court approve the proposed Settlement, the proposed Plan of Allocation, and counsel's request for an award of attorneys' fees and reimbursement of expenses.

Dated: July 20, 2012

By:   */s/ William C. Fredericks*
William C. Fredericks (admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
wfredericks@blbglaw.com

        Robert D. Klausner (Fla. Bar No. 244082)
        Adam P. Levinson (Fla. Bar No. 055344)
        **KLAUSNER, KAUFMAN, JENSEN**
        **& LEVINSON, P.A.**
        10059 N.W. 1st Court
        Plantation, Florida 33324
        Telephone:  (954) 916-1202
        Facsimile:  (954) 916-1232
        Bob@robertdklausner.com
        Adam@robertklausner.com

        Robert Sugarman (Fla. Bar No. 149388)
        Ivelisse Berio LeBeau (Fla. Bar No. 907693)
        Kenneth R. Harrison, Sr. (Fla. Bar No. 0109990)
        **SUGARMAN & SUSSKIND, P.A.**
        100 Miracle Mile, Suite 300
        Coral Gables, Florida 33134
        Telephone:  (305) 592-2801
        Facsimile:  (305) 447-8115
        Sugarman@sugarmansusskind.com
        Ivelisse@sugarmansusskind.com
        kenharrison@sugarmansusskind.com

        ***Co-Lead Counsel for Plaintiffs***

#657895

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2012, I electronically filed the foregoing SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (II) PLAINTIFFS' COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List, either via transmission of Notices of Electronic Filing Generated by the CM/ECF system or in some other authorized manner for those counsel who are authorized to receive electronically Notices of Electronic Filing.

By: */s/ William C. Fredericks*
William C. Fredericks

## SERVICE LIST

| | |
|---|---|
| David A. Coulson<br>(Fla. Bar No. 176222)<br>D. Porpoise Evans<br>(Fla. Bar No. 576883)<br>**GREENBERG TRAURIG, LLP**<br>Suite 4400<br>333 SE 2nd Ave<br>Miami, FL 33131<br>Telephone:  (305) 579-0500<br>Facsimile:  (305) 579-0717<br>CoulsonD@gtlaw.com<br>EvansP@gtlaw.com | Robert D. Klausner<br>(Fla. Bar No. 244082)<br>Adam P. Levinson<br>(Fla. Bar No. 055344)<br>**KLAUSNER, KAUFMAN, JENSEN & LEVINSON, P.A.**<br>10059 N.W. 1st Court<br>Plantation, Florida 33324<br>Telephone:  (954) 916-1202<br>Facsimile:  (954) 916-1232<br>Bob@robertdklausner.com<br>Adam@robertklausner.com |
| Terry R. Weiss<br>(Fla. Bar No. 057906)<br>**GREENBERG TRAURIG, LLP**<br>3290 Northside Parkway NW, Suite 400<br>Atlanta, Georgia  30327<br>Telephone:  (678) 553-7328<br>Facsimile:   (678) 553-7329<br>WeissTR@gtlaw.com | Robert A. Sugarman<br>(Fla. Bar No. 149388)<br>Ivelisse Berio LeBeau<br>(Fla. Bar No. 907693)<br>Kenneth R. Harrison, Sr.<br>(Fla. Bar No. 0109990)<br>**SUGARMAN & SUSSKIND, P.A.**<br>100 Miracle Mile, Suite 300<br>Coral Gables, Florida 33134<br>Telephone:  (305) 592-2801<br>Facsimile:  (305) 447-8115<br>Sugarman@sugarmansusskind.com<br>Ivelisse@sugarmansusskind.com<br>kenharrison@sugarmansusskind.com |