## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

BOARD OF TRUSTEES OF THE CITY OF
LAKE WORTH EMPLOYEES' RETIREMENT
SYSTEM, et. al.,

               Plaintiffs,

vs.                                              Case No. 3:10-cv-845-J-32MCR

MERRILL LYNCH, PIERCE, FENNER &
SMITH, INCORPORATED,

_____Defendant._____

### JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs, the respective Boards of Trustees of the City of Lake Worth Employees' Retirement System ("Lake Worth General Employees"), the City of Lake Worth Police Officers' Retirement System ("Lake Worth Police"), and the City of Lake Worth Firefighters' Pension Trust Fund ("Lake Worth Firefighters") (collectively, the "Plaintiffs Plans"), on behalf of the Plaintiff Plans and the Class (defined below), and Defendant Merrill Lynch Pierce Fenner & Smith Inc. ("Defendant" or "Merrill Lynch," and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated March 23, 2012 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Action") against Defendant on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated April 24, 2012 [D.E. 103] (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) certified the Class solely for purposes of

effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement and Plan of Allocation; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on July 30, 2012 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; (ii) whether the proposed Plan of Allocation is fair and reasonable and should therefore be approved; and (iii) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on March 23, 2012 [D.E. 96-1]; and (b) the Notice and the Summary Notice, both of which were filed with the Court on June 22, 2012 [D.E. 108-1].

3.      **Class Certification for Settlement Purposes:** The Court hereby affirms its findings in the Preliminary Approval Order that, for purposes of the Settlement only, the prerequisites for a

class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiff Plans in the Action are typical of the claims of the Class; (d) the Plaintiff Plans and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Class; (e) the questions of law and fact common to the Class predominate over any individual questions; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.     The Court hereby affirms its certification in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Plaintiff Plans and any and all other Florida public employee retirement benefit plans for which Merrill Lynch and Merrill Lynch Financial Advisor Michael Callaway or any other member of the Callaway Team provided Consulting Services during the period from July 1, 2000, through and including June 30, 2008 (the "Class Period"), or any portion thereof (the "Class").  Excluded from the Class are all such Plans that had brought separate arbitration or litigation proceedings against Merrill Lynch or any member of the Callaway Team on or before December 14, 2011, as listed on Schedule 1 to the Stipulation.

5.     **Adequacy of Representation:**   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying the Plaintiff Plans as Class Representatives for the Class and appointing Plaintiffs' Counsel as Class Counsel for the Class.  The Plaintiff Plans and Plaintiffs' Counsel have fully and adequately represented the Class both in terms of litigating the

Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.    **Notice:**  The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, of their right to submit a Claim Amount Challenge, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

7.    **Final Settlement Approval and Dismissal of Claims:**  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiffs and the Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.    As of the Effective Date, the Action and all of the claims against Defendant by Plaintiffs, the Plaintiff Plans and each other Class Member and their respective named fiduciaries in

their capacity as such are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **Binding Effect:**  The terms of the Stipulation and of this Judgment shall be forever binding on Defendant, Plaintiffs, the Plaintiff Plans and each other Class Member and their respective named fiduciaries in their capacity as such (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

10.      **Releases:**  The releases as set forth in Paragraphs  5 and 6 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a)      Plaintiffs, the Plaintiff Plans and each of the other members of the Class and their respective named fiduciaries in their capacity as such, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors, and assigns, shall be deemed by operation of law to have released, waived, discharged, and dismissed each and every Released Plaintiff Claim, and shall forever be enjoined from prosecuting any or all of the Released Plaintiff Claims, against any Released Defendant Party; and

(b)      Defendant and each of the other Released Defendant Parties, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors, and assigns, shall be deemed by operation of law to have released, waived, discharged, and dismissed each and every Released Defendant Claim, and shall forever be enjoined from prosecuting any or all of the Released Defendant Claims, against any Released Plaintiff Party.

11.     **Plan of Allocation:**   The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Class.   Accordingly, the Court hereby approves the Plan of Allocation proposed by Plaintiffs.

12.     **Rule 11 Findings:**   The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

13.     **No Admissions:**   Neither this Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, proceedings or agreements connected therewith, nor any matters arising in connection with the settlement negotiations, proceedings, or agreements:

(a)     shall be offered or received against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the appropriateness of class certification, or the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Defendant Parties in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties;

(b)     shall be offered or received against any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties, or against any of the Released Plaintiff Parties, as evidence of any infirmity in the claims of Plaintiffs, the Plaintiff Plans or the other Class Members (or their respective named fiduciaries);

(c)      shall be offered or received against any of the Released Defendant Parties, or against any of the Released Plaintiff Parties, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defendant Parties, or against any of the Released Plaintiff Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendant, any other Released Defendant Parties, Plaintiffs, and/or any other Released Plaintiff Parties may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement;

(d)      shall be construed against any of the Released Defendant Parties or any of the Released Plaintiff Parties as an admission, concession, or presumption that the consideration given under the Stipulation represents the amount which could be or would have been recovered after trial; nor

(e)      shall be construed against Plaintiffs, the Plaintiff Plans, or any other Class Members (or their respective named fiduciaries) as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14.      **Retention of Jurisdiction:**  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement;  (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund; and (d) the Class Members for all matters relating to the Action.

15.    Any orders entered regarding approval of the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.    **Reasonable Extensions of Time:** Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.    **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

18.    **Entry of Final Judgment:** There is no just reason to delay entry of this Judgment as a final judgment as against Defendant.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against Defendant.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of July, 2012.


TIMOTHY J. CORRIGAN
United States District Judge


jk.
Copies:

counsel of record