UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOARD OF TRUSTEES OF THE CITY OF
LAKE WORTH EMPLOYEES' RETIREMENT
SYSTEM, et. al.,

        Plaintiffs,

vs.                                               Case No. 3:10-cv-845-J-32MCR

MERRILL LYNCH, PIERCE, FENNER &
SMITH, INCORPORATED,

        Defendant.

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on July 30, 2012 (the "Settlement Hearing") on Plaintiffs' Counsel's motion to determine whether and in what amount to award Plaintiffs' Counsel in the above-captioned class action (the "Action") attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members and that a summary notice of the hearing substantially in the form approved by the Court was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated March 23, 2012 [D.E. 96-1] (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Plaintiffs' Counsel's application for attorneys' fees and reimbursement of Litigation Expenses was given to all Class Members in accordance with the Court's Order Preliminarily Approving Proposed Settlement and Providing for Notice, entered April 24, 2012 [D.E. 103]. The form and method of notifying the Class of the application for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund which is equal to $2,125,000.00, which sum the Court finds to be fair and reasonable, and $52,365.98 in reimbursement of Litigation Expenses, which fees and expenses shall be paid to Plaintiffs' Counsel from the Settlement Fund.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $8.5 million in cash that has been funded into an escrow account pursuant to the terms of the Stipulation, and the Class Members will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought by Plaintiffs' Counsel has been reviewed and approved as fair and reasonable by Plaintiffs, sophisticated public employee retirement plans that were substantially involved in all aspects of the prosecution and resolution of the Action;

(c) A copy of the Notice was mailed to each Class Member stating that Plaintiffs' Counsel would apply for attorneys' fees in an amount of 25% of the Settlement Fund and

reimbursement of Litigation Expenses in an amount not to exceed $100,000, and there are no objections to the requested award of attorneys' fees or Litigation Expenses;

(d) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action involves complex factual and legal issues and was actively prosecuted and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from Defendant;

(g) Plaintiffs' Counsel devoted over 4,000 hours, with a lodestar value of approximately $1,998,000, to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

7. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

8. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of July, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

jk.
Copies:

counsel of record