# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BOARD OF TRUSTEES OF THE CITY OF
LAKE WORTH EMPLOYEES' RETIREMENT
SYSTEM, et. al.,

        Plaintiffs,

vs.

Case No. 3:10-cv-845-J-32MCR

MERRILL LYNCH, PIERCE, FENNER &
SMITH, INCORPORATED,

        Defendant.

## PLAINTIFFS' UNOPPOSED MOTION FOR CLASS DISTRIBUTON ORDER
## AND INCORPORATED MEMORANDUM OF LAW

{00042498.DOC;1}

## MOTION

Plaintiffs, the respective Boards of Trustees of the City of Lake Worth Employees' Retirement System, the City of Lake Worth Police Officers' Retirement System, and the City of Lake Worth Firefighters' Pension Trust Fund (collectively, the "Plaintiff Plans"), on behalf of the Plaintiff Plans and the Class, respectfully move the Court, pursuant to paragraph 22 of the Stipulation and Agreement of Settlement dated as of March 23, 2012 (Dkt. No. 96-1) (the "Stipulation"), for a Class Distribution Order which will, among other things, approve the Claims Administrator's administrative determinations concerning the distribution of the Net Settlement Fund, approve payment of the notice and administration fees and expenses of the Claims Administrator, and direct payment of the Net Settlement Fund to Authorized Claimants. The instant Motion is supported by the following Memorandum of Law and the Declaration of Justin R. Hughes (the "Hughes Declaration" or "Hughes Decl.") submitted herewith.[1]

Plaintiffs' Counsel, Klausner, Kaufman, Jensen & Levinson, P.A., Bernstein Litowitz Berger & Grossmann LLP, and Sugarman & Susskind, P.A., certify pursuant to Local Rule 3.01(g) that they have conferred with counsel for Defendant and that Defendant does not oppose this Motion. Plaintiffs are not aware of any opposition to this Motion.

---

[1] All capitalized terms used herein that are not otherwise defined herein shall have the meanings as ascribed to them in the Stipulation and the Hughes Declaration.

## MEMORANDUM OF LAW

I. **BACKGROUND**

On March 23, 2012, Plaintiffs and Defendant Merrill Lynch entered into the Stipulation. The Stipulation provided for the settlement of this Action (the "Settlement") on behalf of a Class consisting of all Plans for which Merrill Lynch and Merrill Lynch Financial Advisor Michael Callaway or any other member of the Callaway Team provided Consulting Services during the Class Period (July 1, 2000, through and including June 30, 2008), or any portion thereof, but excluding all such Plans that had brought separate arbitration or litigation proceedings against Merrill Lynch or any member of the Callaway Team on or before December 14, 2011, as listed on Schedule 1 to the Stipulation.

Pursuant to its Order Preliminarily Approving Proposed Settlement and Providing for Notice dated April 24, 2012 (Dkt. No. 103) (the "Preliminary Approval Order"), the Court authorized Plaintiffs' Counsel to retain The Garden City Croup, Inc. ("GCG"), a firm specializing in the administration of class action settlements, as the Claims Administrator for the Settlement. Pursuant to the Preliminary Approval Order, GCG was retained to, among other things, print and mail copies of the Notice Packet to the Class Member Plans, to process the Claim Forms submitted by Class Member Plans, and to effectuate distribution of the Net Settlement Fund to Authorized Claimants.

On July 30, 2012, the Court held a hearing to consider the proposed Settlement. At the hearing, the Court approved the proposed Settlement as fair, reasonable, and

adequate, dismissed this Action as against Defendant, and directed the parties to consummate the Stipulation in accordance with its terms and provisions.

The Effective Date of the Settlement has occurred and the Claims Administrator has completed the processing of the Claim Forms submitted in the Action. Accordingly, pursuant to paragraph 22 of the Stipulation, the Net Settlement Fund held in the Escrow Account may be distributed to Authorized Claimants upon entry of the Class Distribution Order.

## II.     CLAIMS ADMINISTRATION

Under the terms of the Stipulation, a Settlement Fund consisting of $8,500,000 in cash was established for the settlement of the claims asserted against Defendant.[2] Pursuant to the Stipulation and the Preliminary Approval Order and as set forth in the Notice and the Claim Form, all Class Member Plans wishing to participate in the Settlement Fund were required to submit their Claim Form to GCG by mail, postmarked on or before September 11, 2012.

As set forth in the Hughes Declaration, GCG has reviewed each of the Claim Forms submitted in this matter and has determined that each of the 78 Class Member Plans has filed a valid and properly executed Claim Form on or before the September 11, 2012 claim-filing deadline. Hughes Decl. ¶ 14. Upon review of the Claim Forms, GCG has also determined that none of the Class Member Plans has filed a "Claim Amount

---

[2] In addition to the $8,500,000 Settlement Amount, Merrill Lynch deposited $1,000 in cash into the Escrow Account to be applied to the costs of providing notice of the Settlement to the Class.

Challenge" contesting its pre-assigned Adjusted Claim Amount set forth on Exhibit 1 to the Notice. *Id.* Plaintiffs' respectfully request that the Court approve GCG's administrative determinations accepting the 78 Claims filed by the Class Members herein as set forth on Exhibit A to the Hughes Declaration.

### III. FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

Pursuant to paragraph 22 of the Stipulation, Plaintiffs request an order approving payment of the fees and expenses of the Claims Administrator. In accordance with GCG's agreement with Plaintiffs' Counsel to act as the Claims Administrator, GCG was responsible for, among other things, mailing and publishing notice to the Class, processing the Claims submitted in the Action, and allocating and distributing the Net Settlement Fund to Authorized Claimants. As set forth in the Hughes Declaration, GCG's fees and expenses for its work performed and to be performed on behalf of the Class total $40,660.85. Hughes Decl. ¶ 15. To date, GCG has not received payment for any of its fees and expenses; accordingly, there is a balance due to GCG of $40,660.85, which amount includes GCG's anticipated fees and expenses for the distribution of the Net Settlement Fund. *Id.* Plaintiffs respectfully request that the Court approve all of GCG's fees and expenses.

### IV. DISTRIBUTION OF THE NET SETTLEMENT FUND

As set forth in detail in the Hughes Declaration, and consistent with the terms of the Stipulation, GCG has completed the processing of all Claims submitted in the Action. Accordingly, pursuant to the terms of the Stipulation, Plaintiffs, on notice to Defendant's Counsel, respectfully move for an order approving GCG's administrative determinations

concerning the acceptance of the Claims submitted herein and approving the distribution of the Net Settlement Fund in accordance with the terms of the Plan of Allocation previously approved by the Court.

Consistent with the Court-approved Plan of Allocation and as set forth in the Hughes Declaration (¶ 16), upon entry of the proposed Class Distribution Order, GCG will distribute 100% of the available balance of the Net Settlement Fund held in the Escrow Account (after deducting all payments previously allowed and requested herein and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns and any escrow fees) to the Authorized Claimants based on their Adjusted Claim Amounts in comparison to the total Adjusted Claim Amount of all Authorized Claimants (the "Distribution").[3]

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all

---

[3] As set forth in paragraph 17 of the Hughes Declaration, in order to encourage the Authorized Claimants to cash their Distribution checks promptly, and to avoid or reduce future expenses relating to unpaid Distribution checks, it is requested that the Court order that all Distribution checks bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]."

claims arising out of such involvement. Accordingly, Plaintiffs respectfully request that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of the such involvement, and bar all Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Plaintiffs' Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

## V.     CONCLUSION

For the reasons described above, Plaintiffs' Motion for Class Distribution Order should be granted, and the proposed Class Distribution Order should be entered.

December ___, 2012

> By:   */s/ Robert D. Klausner*
> Robert D. Klausner (Fla. Bar No. 244082)
> Adam P. Levinson (Fla. Bar No. 055344)
> **KLAUSNER, KAUFMAN, JENSEN**
> **& LEVINSON, P.A.**
> 10059 N.W. 1st Court
> Plantation, Florida 33324
> Telephone:  (954) 916-1202
> Facsimile:  (954) 916-1232
> Bob@robertdklausner.com
> Adam@robertklausner.com

>William C. Fredericks (admitted *pro hac vice*)
>**BERNSTEIN LITOWITZ BERGER**
>**& GROSSMANN LLP**
>1285 Avenue of the Americas
>New York, New York 10019
>Telephone:  (212) 554-1400
>Facsimile:  (212) 554-1444
>wfredericks@blbglaw.com
>
>Robert Sugarman (Fla. Bar No. 149388)
>Ivelisse Berio LeBeau (Fla. Bar No. 907693)
>**SUGARMAN & SUSSKIND, P.A.**
>100 Miracle Mile, Suite 300
>Coral Gables, Florida 33134
>Telephone:  (305) 592-2801
>Facsimile:  (305) 447-8115
>Sugarman@sugarmansusskind.com
>Ivelisse@sugarmansusskind.com
>
>*Co-Counsel for Plaintiffs*

#692104

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2013, I electronically filed the foregoing PLAINTIFFS' UNOPPOSED MOTION FOR CLASS DISTRIBUTION ORDER AND INCORPORATED MEMORANDUM OF LAW with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List, either via transmission of Notices of Electronic Filing Generated by the CM/ECF system or in some other authorized manner for those counsel who are authorized to receive electronically Notices of Electronic Filing.

          By:  */s/ Adam P. Levinson*
                Adam P. Levinson

{00042498.DOC;1}

## **SERVICE LIST**

David A. Coulson
(Fla. Bar No. 176222)
D. Porpoise Evans
(Fla. Bar No. 576883)
**GREENBERG TRAURIG, LLP**
Suite 4400
333 SE 2nd Ave
Miami, FL 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717
CoulsonD@gtlaw.com
EvansP@gtlaw.com

William C. Fredericks
(admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
wfredericks@blbglaw.com

Terry R. Weiss
(Fla. Bar No. 057906)
**GREENBERG TRAURIG, LLP**
3290 Northside Parkway NW, Suite 400
Atlanta, Georgia  30327
Telephone:  (678) 553-7328
Facsimile:   (678) 553-7329
WeissTR@gtlaw.com

Robert Sugarman
(Fla. Bar No. 149388)
Ivelisse Berio LeBeau
(Fla. Bar No. 907693)
**SUGARMAN & SUSSKIND, P.A.**
100 Miracle Mile, Suite 300
Coral Gables, Florida 33134
Telephone:  (305) 592-2801
Facsimile:  (305) 447-8115
Sugarman@sugarmansusskind.com
Ivelisse@sugarmansusskind.com